J D CANDLER ROOFING COMPANY, INC v DICKSON

Docket No. 85171. Submitted January 15, 1985, at Detroit.—Decided March 3, 1986.

Defendant, Stanley B. Dickson, Jr., and Thomas Pomarolli purchased property which was leased to Borman's, Inc., for use as a supermarket. Shortly thereafter, Dickson contracted with plaintiff, J. D. Candler Roofing Company, Inc., to install a new roof over the premises. The contract price was $24,000. Dickson made a $10,000 deposit. Candler completed the work. However, a dispute arose over whether Candler should not have removed inoperable air-conditioning units owned by Borman's, Inc. As a result, Dickson refused to pay the remaining balance of $14,-000. Dickson and Pomarolli filed suit in Wayne Circuit Court against Candler seeking a declaratory judgment that Candler was in breach of the agreement and was obligated to indemnify Dickson and Pomarolli for any damages incurred through threatened suit by Borman's, Inc. Candler filed the instant suit in Oakland Circuit Court against Dickson alleging that it had fulfilled the terms of the roofing contract and sought judgment for the remaining $14,000 due under the contract. Candler answered the complaint filed by Dickson and Pomarolli; asserted an affirmative defense contending that Pomarolli had no standing to sue, since he was not a party to the roofing contract; and filed a counterclaim of fraud, in which it alleged that Dickson and Borman's, Inc., conspired to cause the incident involving the air-conditioning units for the purpose of avoiding payment to Candler. Dickson answered Candler's complaint; asserted affirmative defenses, which included one based on the existence of the pending action in Wayne Circuit Court; sought a declaratory judgment for indemnity and damages for loss of goodwill between Dickson and Borman's, Inc.; and moved for accelerated judgment on the ground that another action was pending between the parties involving the same

REFERENCES

Am Jur 2d, Judgments § 470.

Am Jur 2d, Summary Judgment § 16.

See the annotations in the ALR3d/4th Quick Index under Judgment on Pleadings; Summary Judgment.

claim. After a hearing, the Oakland Circuit Court, Hilda R. Gage, J., ruled that the action in Wayne Circuit Court involved the same parties and issues as the instant case and granted summary disposition in Dickson's favor. Candler appealed. *Held:*

1. Dickson timely asserted the affirmative defense that another action was pending between the parties involving the same claim in his answer and motion for accelerated judgment. Therefore, the affirmative defense was not waived.

2. The court rule on summary disposition on the ground that another action has been initiated between the same parties involving the same claim does not require that all the parties and all the issues be completely identical. Rather, the two actions must be between the same parties and must be based on the same or substantially the same cause of action. In this case, the two actions involved the same parties and concerned the same dispute, notwithstanding that Pomarolli was not a signatory to the roofing contract and notwithstanding what labels the parties attached to their claims and counterclaims.

Affirmed with amendment of the judgment of dismissal with prejudice to one without prejudice.

JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

The court rule on summary disposition, on the ground that another action has been initiated between the same parties involving the same claim, does not require that all the parties and all the issues be completely identical; rather, the two actions must be between the same parties and must be based on the same or substantially the same cause of action (MCR 2.116[C][6], formerly GCR 1963, 116.1[4]).

*Burke & Wilson* (by *Wilfrid L. Burke),* for plaintiff.

*Gandelot, Stoepker & Dickson, P.C.* (by *Timothy A. Stoepker),* for defendant.

Before: D. F. WALSH, P.J., and CYNAR and N. J. KAUFMAN,* JJ.

CYNAR, J. Plaintiff, J. D. Candler Roofing Company, Inc., appeals as of right from the May 6,

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

1985, order of the Oakland County Circuit Court, which dismissed Candler's suit with prejudice pursuant to MCR 2.116(C)(6) because there was a prior action pending in the Wayne County Circuit Court between the same parties involving the same claims. On appeal, Candler asserts that neither the parties nor the issues are identical, and that defendant, Stanley B. Dickson, Jr., has waived abatement of the Oakland County Circuit Court action.

On April 1, 1984, Dickson and Thomas Pomarolli purchased commercial property, which was leased for use as a supermarket to Borman's, Inc. At the time of the purchase, Borman's and the previous owners had a history of dispute regarding the building's roof.

Shortly after purchasing the property, Dickson contracted with Candler to reroof the building, at a cost of $24,000. A deposit of $10,000 was paid by Dickson. The work was completed satisfactorily, but a dispute arose regarding the removal of air-conditioning units owned by Borman's. The parties agree that Dickson instructed Candler to remove nonoperative air-conditioning units from the building, with the prior approval of Borman's. The agreement regarding the air-conditioning units was not part of the original roofing contract. According to Candler, Borman's indicated that the units were not working and could be removed. According to Dickson, no permission to remove the units was obtained. Apparently at Borman's request, Dickson sought return of the air-conditioning units, but Candler refused to replace them without compensation for the labor of removal and reinstallation. Meanwhile, Dickson apparently refused to pay the remaining $14,000 due on the roofing contract.

On June 28, 1984, Dickson and Pomarolli filed a complaint against Candler in Wayne County Cir-

cuit Court, in which they sought a declaratory judgment that Candler was in breach of contract and was obligated to indemnify Dickson and Pomarolli for any damages incurred through threatened suit by Borman's.

On July 24, 1984, Candler sued Dickson in Oakland County Circuit Court. Candler alleged that it had satisfactorily fulfilled the terms of the roofing contract, and sought judgment for the $14,000 remaining due on the contract. On July 30, 1985, Candler answered the Wayne County Circuit Court complaint, and asserted an affirmative defense that Pomarolli had no standing to sue because he was not a party to the roofing contract. Candler also filed a counterclaim of fraud, in which it alleged that Dickson and Borman's conspired to cause the air-conditioning unit incident for the purpose of avoiding payment of the contract. The counterclaim sought $20,000 "actual" and $20,000 "punitive" damages.

On August 24, 1984, Dickson answered Candler's complaint and set forth affirmative defenses. The affirmative defenses related to the alleged wrongful removal of the air-conditioning units and the existence of the pending action in Wayne County. On the same date, Dickson filed a counterclaim for breach of contract on the basis that Candler had not received permission from Borman's to remove the air-conditioning units. As relief, Dickson sought a declaratory judgment for indemnity and damages for loss of goodwill between Dickson and Borman's. Also on August 24, 1984, Dickson moved for accelerated judgment pursuant to GCR 1963, 116.1(4), now MCR 2.116(C)(6), due to the pendency of the Wayne County action.

Apparently, a hearing on Dickson's motion was postponed pending the outcome of certain procedural steps being taken by the parties in the

Wayne County suit. It seems that Candler had moved for accelerated judgment on the Wayne County complaint on the ground that Pomarolli was not a proper party because he was not a party to the roofing contract. After a hearing on that motion, the Wayne County Circuit Court denied Candler's motion and Dickson was granted leave to amend the complaint to allege that Pomarolli was an intended beneficiary of the roofing contract, as co-owner of the subject property. In its answer to the amended complaint, Candler averred that it was entitled to the $14,000 due on the roofing contract. Candler then moved for rehearing, and by order dated April 12, 1985, the Wayne County Circuit Court denied the motion.

Dickson's Oakland County Circuit Court motion for accelerated judgment was heard on April 17, 1985. The Wayne County Court order of April 12, 1985, was presented to the Oakland County circuit judge, who inquired of Candler's counsel regarding the difference between the two suits. Candler asserted there, as it does on appeal, that since Dickson alone signed the roofing contract, only Dickson could be liable on Candler's contract claim. The Oakland County circuit judge determined that the Wayne County action involved the same parties and issues as the case in Oakland County and granted summary disposition pursuant to MCR 2.116(C)(6).

The issue raised in this appeal is whether the Oakland County Circuit Court erred by granting summary disposition against Candler based on the reason that the same claims between the same parties were already being adjudicated in Wayne County Circuit Court.

At the time the parties' pleadings were filed, GCR 1963, 116.1 applied. It provided:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

\* \* \*

"(4) another action is pending between the same parties involving the same claim"

Dickson raised the defense of GCR 1963, 116.1(4) in his answer and by motion filed on the same date. The defense was timely and properly raised. *Thomas Industries, Inc v Wells,* 403 Mich 466, 469; 270 NW2d 98 (1978). We summarily reject Candler's argument that Dickson waived the defense by filing an answer.

The crux of Candler's argument on appeal is that the circuit court erroneously concluded that the parties and issues are identical in the Wayne County and Oakland County Circuit Court cases. Candler argues that because there is an additional party in the Wayne County case, and because Candler frames its claim as one in tort in Wayne County, MCR 2.116(C)(6) (which is essentially identical to GCR 1963, 116.1[4]) cannot foreclose the Oakland County suit.

However, MCR 2.116(C)(6) does not require that all the parties and all the issues be identical. Rather, the two suits must be "between the same parties" and "involving the same claims". Thus, "complete identity of the parties is not necessary", and the two suits "must be based on the same or substantially the same cause of action". *Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666-667; 341 NW2d 783 (1983).

Candler insists that the parties in the Wayne County and Oakland County cases are irreconcilably different because Pomarolli is a plaintiff in

the Wayne County suit and is not a defendant in the Oakland County suit. At the same time, however, Candler argues that Pomarolli is not a proper party to the Wayne County suit. Under the circumstances here, there appears to be little consequence to whether or not Pomarolli is a party. By his presence, Pomarolli does not inject new theories of standing, new claims, or new defenses. Rather, Pomarolli is merely a silent partner to Dickson's position. As Dickson's partner, Pomarolli's position as a party in one suit does not alter the essential identity of the parties between the two suits.

Candler's argument was answered by our Supreme Court many years ago in *Chapple v National Hardwood Co,* 234 Mich 296; 207 NW 888 (1926). The plaintiff in *Chapple* filed suit against Joseph Jacobson and others in Kent County Circuit Court. See *Thomson v Kent Circuit Judge,* 230 Mich 354; 203 NW 108 (1925). He subsequently filed a similar claim in Montcalm County in which the corporation, Jacobson and several other but different defendants were named. Jacobson sought abatement of the second suit, which the trial court denied. The Michigan Supreme Court observed that the proper procedure was by motion to dismiss, and reversed the circuit court, holding:

"May these holdings be circumvented and a different holding successfully invoked by adding new defendants or subtracting some of the old ones, but continuing the mover who seeks to abate the successive suits as a continuing defendant where the plaintiff is the same, and the same matters are involved in all the cases? We think upon reason and authority this question must be answered in the negative and we think it was so answered by this court in *Pinel v Campsell,* 190 Mich 347. It will be noted that in that case a suit in equity was pending in the Federal court in which the rights of all

the parties could be adjudicated. In the case there before us the parties did not include all those who were parties to the Federal case, but both parties to the suit in the State court were parties to the suit in Federal court. We held that the plea in abatement was good and to sustain the holding cited *Emry v Chappell,* 148 NC 327 (62 SE 411); *Van Vleck v Anderson,* 136 Iowa 366 (113 NW 853); and *Haas v Righeimer,* 220 Ill 193 (77 NE 69); in all three of which cases it was held that complete identity of parties was not necessary to invoke the doctrine of former suit pending." *Chapple, supra,* p 298.

Alternatively, Candler argues that the claim at issue in the two cases are different. When Dickson's complaint in Wayne County and his answer and counterclaim in Oakland County are compared, no significant difference can be found. In each case, Dickson alleges that Candler breached the terms of the contract regarding removal of the air-conditioning units and that Candler has "wrongfully demanded" payment of the $14,000 due on the roofing contract. Candler's complaint and answer to the counterclaim in Oakland County set forth its contractual claim for the $14,000 and denied that it wrongfully removed the air-conditioning units. Candler's answer and counterclaim in Wayne County alleged that the roofing contract was complete and that it removed the air-conditioning units pursuant to the parties' agreement. The only difference between Candler's two sets of pleadings is that the Wayne County pleadings appear to have been carefully drafted to avoid the use of the term "breach of contract". Rather, Candler asserted that Dickson's refusal to pay the $14,000 was the result of fraud, and asked the court for $20,000 "actual" damages.

In spite of Candler's attempt to distinguish the actions by interjecting the fraud claim in Wayne County, it is apparent that the factual and legal

issues to be litigated in both the Wayne and Oakland County actions remain the same. The principal question to be decided in each action is whether Candler satisfactorily fulfilled the contract as it related to removing the air-conditioning units. Resolution of either action will require examination of the same operative facts. Candler's attempt to bifurcate the parties' dispute by creating a cause of action in tort for what is obviously a contractual claim serves no just purpose. The issues are sufficiently identical to require application of MCR 2.116(C)(6). *Ross, supra.*

We note that this is not a case involving the permissive joinder of claims under GCR 1963, 203.2, now MCR 2.203(B). Candler did not elect to pursue an independent claim in fraud in a separate action. Rather it joined the fraud claim as a counterclaim in the initial action and has limited the subsequent action to the contract dispute, the same issue which forms the basis of Dickson's Wayne County action. Compare, *Bank of the Commonwealth v Hulette,* 82 Mich App 442; 266 NW2d 841 (1978). Accordingly, the questions which were addressed in *Hulette* are not at issue herein.

The parties and issues in the Wayne County and Oakland County cases are essentially identical. The Oakland County Circuit Court correctly concluded that dismissal of the second suit was warranted. Candler should seek leave of the Wayne County Circuit Court to amend its pleadings to clarify the contractual nature of its counterclaim, but Candler should not be allowed to require duplicate efforts from the other parties or the courts.

The Oakland County Circuit Court dismissal of action is affirmed except that we amend the dismissal with prejudice to a dismissal without prejudice.