# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTHER SUSIN and JOHN SUSIN,

        Plaintiffs-Appellants,

v

LAKES COMMUNITY CREDIT UNION and
KKJ INVESTMENTS, LLC,

        Defendants-Appellees.

UNPUBLISHED
March 10, 2016

No. 324644
Oakland Circuit Court
LC No. 2014-140842-CB

---

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs, Esther and John Susin, appeal by right the trial court's order granting the motion for summary disposition under MCR 2.116(C)(6), (C)(7), and (C)(8), by defendants, Lakes Community Credit Union and KKJ Investments, Inc. Because we conclude the trial court properly granted summary disposition, we affirm.

## I. BASIC FACTS

This appeal is from one of three lawsuits arising from the reconstruction of Esther Susin's house after a fire loss in October 2010. Esther Susin granted Lakes Credit Union a mortgage to secure a note and listed Lakes Credit Union as an additional insured on her homeowner's insurance policy with Farm Bureau. Farm Bureau paid Esther Susin $171,190 under the policy for the loss. Esther Susin demanded an appraisal and hired Associated Adjusters Incorporated as her appraiser. The appraisal award resulted in an additional $83,810 in insurance proceeds.

Reconstruction of the house began in the summer of 2012, but ceased by the end of the year and did not resume. Esther Susin disputed Associated Adjusters' fee and refused to pay R-Value Concrete Systems for the full amount of its work. When these disputes could not be resolved, Associated Adjusters and R-Value claimed a portion of the insurance proceeds. Consequently, Farm Bureau sued in interpleader to resolve the competing claims.

After Farm Bureau and Associated Adjusters successfully moved for summary disposition, Lakes Credit Union filed a first amended cross-complaint against Esther Susin for judicial foreclosure, claiming that she had breached her mortgage "[b]y not promptly repairing the property and allowing it to deteriorate and be further damaged," and declaring the entire $135,999.90 balance of the note immediately due. The trial court granted Lakes Credit Union's

-1-

motion for summary disposition and the house was sold at a foreclosure sale in April 2014 to KKJ Investments for $139,624.77. The sale was confirmed by an order issued in May 2014. Esther Susin appealed the orders from that proceeding in Docket No. 322017.

However, before her appeal in Docket No. 322017, Esther and John Susin filed a lis pendens on the property and sued Lakes Credit Union and KKJ Investments. The gravamen of the complaint was that Lakes Credit Union was responsible for Esther Susin's failure to finish rebuilding the house and that it had obtained foreclosure by fraud. The complaint contained no factual allegations against KKJ Investments and did not request any relief from it.

Lakes Credit Union successfully moved to transfer the new complaint to the trial court handling the case underlying the appeal in Docket No. 322017 on the ground that it involved the same parties and arose out of the same transaction. See MCR 8.111(D). Lakes Credit Union and KKJ Investments subsequently moved for summary disposition in separate motions.

Acting on their own behalf, Esther and John Susin moved to strike the answers by Lakes Credit Union and KKJ Investments on the ground that they had not served them with the answers, and that the proof of service on file with the court was false. They stated that, even though they filed their complaint in May 2014, they were not linked to the e-filing system until they filed and served the complaint in July 2014. Consequently, they did not receive copies of the answers. For the same reason, Esther and John Susin claimed they had not received a copy of the motion to transfer, which Lakes Credit Union filed in June 2014. They also moved for reconsideration of the order transferring the case. The trial court denied both motions along with a subsequent motion to disqualify the trial judge.

Esther and John Susin next moved to have their motion for disqualification heard by the Chief Circuit Judge. With their motion for disqualification still pending before the Chief Judge, they moved the trial court to stay the proceedings pending this Court's decision in Docket No. 322017. The trial court denied that motion and the Chief Judge denied their motion to disqualify.

At the hearing on the motions for summary disposition, the trial court observed that, despite having extended time to file their reply, Esther and John Susin had not responded to the motions for summary disposition, or offered any evidence or legal authority in opposition to them. The trial court, therefore, granted the motions under MCR 2.116(C)(6), (C)(7), and (C)(8), it also discharged their notice of lis pendens and quieted title to the property in KKJ Investments.

Esther and John Susin now appeal in this Court.

II. ANALYSIS

Esther and John Susin contend on appeal that the trial court erred in granting the motions for summary disposition, and in denying their motion to stay this matter pending our decision in Docket No. 332017. We review de novo a trial court's ruling on a motion for summary disposition. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 393; 729 NW2d 277 (2006). We review a trial court's decision on a motion to stay proceedings for an abuse of discretion. *People v Bailey*, 169 Mich App 492, 499; 426 NW2d 755 (1988). A trial court abuses its discretion

-2-

when its decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Summary disposition is appropriate where another action between the same parties involving the same claim is pending at the time the trial court makes its summary disposition decision. MCR 2.116(C)(6); *Fast Air Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). "The rule is designed to stop parties from endlessly litigating matters involving the same questions and claims as those presented in pending litigation. In other words, its purpose is to prevent 'litigious harassment' involving the same questions as those in *pending* litigation." *Fast Air*, 235 Mich App at 546 (internal quotation marks and citation omitted). A case is deemed "pending" until final determination on appeal. *Ford Motor Co v Jackson*, 47 Mich App 700, 702; 209 NW2d 794 (1973), reversed on other grounds on rehearing 399 Mich 213 (1976). Complete identity of parties is not necessary. See *J D Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986). Where the presence of a litigant who is party to one suit, but not the other, "does not inject new theories of standing, new claims, or new defenses," the essential identity of the parties between the two suits is not altered. *Id*. at 599.

Although John Susin was not named as a party in the other case, Esther Susin assigned him a 10 percent interest in "of all claims, rights, chose in action" in that case while it was still in the lower court. The terms of the assignment support the conclusion that John Susin's interests in both cases relative to their claims against Lakes Credit Union are identical to Esther Susin's interests, and his presence in this case did not alter the claims asserted against Lakes Credit Union. *Id*. Therefore, the fact that John Susin was not named as a party in the other case does not alter the essential identity of the parties. *Id*.

In addition, Esther and John Susin admitted in their motion to stay, and our review of the record confirms, that the issues raised against Lakes Credit Union in this case are the same as those involved in the case on appeal in Docket No. 322017. Accordingly, we affirm the trial court's grant of summary disposition to Lakes Credit Union under MCR 2.116(C)(6). *Fast Air*, 235 Mich at 549. Given our resolution of this issue, it cannot be said that the trial court abused its discretion by denying the motion to stay.

The trial court also did not err when it granted KKJ Investments' motion for summary disposition under MCR 2.116(C)(8). "A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone." *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). Such a motion "should only be granted if: (1) the pleadings fail to state a claim on which relief may be granted, and (2) no factual development could justify the claim for relief." *Wells Fargo Bank v Country Place Condominium Ass'n*, 304 Mich App 582, 589; 848 NW2d 425. Esther and John Susin did not make any allegations against KKJ Investments in the complaint involved in this case and specifically stated that they had no monetary claims against it. For this reason, the trial court did not err when it dismissed the claims against KKJ Investments under MCR 2.116(C)(8). Because the trial court properly granted summary disposition to both Lakes Credit Union and KKJ Investments on one ground, we decline to address whether the trial court erred to the extent that it relied on different grounds.

Esther and John Susin also challenge the trial court's decisions on their motions for reconsideration of the order transferring the case and to disqualify the trial judge. They premise their arguments against the transfer on their assumption that Case No. 2014-140842-CB, which was initially assigned to the business court, constituted an appeal of Docket No. 322017. That assumption is incorrect.

With some exceptions, the circuit court has jurisdiction over appeals from the final orders of a district or municipal court, and a probate court, a final order or decision of an agency governed by the Administrative Procedures Act, MCL 24.201 *et seq.*, and a final order or decision of an agency with an appeal by right to the circuit court. MCR 7.103(A). This Court has jurisdiction over properly filed appeals from final orders of a circuit court. MCR 7.203(A)(1). This suit was not an appeal of the prior suit. Because the later suit arose out of the same transaction or events, the transfer was not only appropriate, but mandated under MCR 8.111(D).

Esther and John Susin also contend that disqualification was appropriate because of judicial bias, basing their claim solely the trial court's adverse rulings in Docket No. 322017. However, a judge's involvement in prior proceedings involving the same parties "does not amount to proof of bias for purposes of disqualification." *People v Upshaw*, 172 Mich App 386, 388; 431 NW2d 520 (1988). Furthermore, "[t]he mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification or reassignment." *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). "A trial judge is presumed unbiased, and the party asserting otherwise has the heavy burden of overcoming the presumption." *Mitchell v Mitchell*, 296 Mich App 513, 523; 823 NW2d 153 (2012). Esther and John Susin did not, and have not on appeal, overcome this presumption.

Finally, Esther and John Susin contend that the trial court erred by denying their motion to strike the answers. They argued that they did not receive the answers when they were filed because Lakes Credit Union and KKL Investments filed them electronically before the time they served their complaint and summons and before they had connected to the circuit court's e-filing system. Given the circumstances of this case, we find the argument unpersuasive.

A party must file an answer within 21 days after being served a complaint and summons. MCR 2.108(A)(1). But there are no prohibitions against or sanction for filing an answer where the defendants have actual knowledge of the complaint, despite not having been formally served. In addition, it is not clear that Esther and John Susin's failure to receive the pleadings was not due to their own error in "e-filing only" and not "e-filing and serving" their complaint in May 2014. Given that the complaint clearly had been e-filed, it was reasonable under the circumstances for Lakes Credit Union and KKJ Investments to believe that Esther and John Susin had attached themselves to the e-filing system, and to file and serve their answers electronically. Furthermore, Esther and John Susin did receive the answers, which they attached to their motion to strike, and they have not shown any prejudice. For these reasons, the trial court did not err in denying the motion to strike.

The trial court did not err when it dismissed the claims by Esther and John Susin.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro