# STATE OF MICHIGAN

# COURT OF APPEALS

BAGLEY & LANGAN PLLC,

        Plaintiff-Appellant,

v

JOYA GARLAND as Trustee of the QUINTINA
LASHAUN AUSTIN IRREVOCABLE SPECIAL
NEEDS TRUST,

        Defendant-Appellee.

UNPUBLISHED
April 17, 2018

No. 337660
Oakland Circuit Court
LC No. 2016-155770-CZ

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Plaintiff, Bagley & Langan, PLLC, appeals as of right the circuit court's opinion and order granting the motion for summary disposition filed by defendant, Joya Garland, as trustee of the Quintina LaShaun Austin Irrevocable Special Needs Trust, and guardian of Quintina LaShaun Austin. For the reasons stated herein, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 2003, Quintina, a minor at the time, was severely injured in an automobile accident. Her mother, Carolyn Austin, subsequently retained plaintiff to represent Quintina in her first party no-fault action. The legal services contract she signed provided that plaintiff would be entitled to "the larger of $300 per hour for all work performed to the date of termination or 33 1/3 % of the last offer of settlement, arbitration award, mediation award or judgment prior to termination." Ultimately, plaintiff filed the no-fault action on Quintina's behalf, which resulted in a settlement order entered by the Wayne Circuit Court on February 17, 2011. The order required the defendant insurance companies to fund structured settlement payments of $7,500 per month to a trust created for Quintina, and to pay the sum of $750,000 to the trust as seed money. Further, the order directed the defendant insurance companies to pay attorney fees to plaintiff in the amount of $750,000.

The Quintina LaShaun Austin Irrevocable Special Needs Trust (the Trust) was established in March 2011, with Carolyn as the initial trustee. However, in 2015, Carolyn was discharged as Quintina's guardian and replaced by defendant, who then filed, in Wayne Probate Court, separate petitions for removal of Carolyn as trustee of the Trust, and supervision of the Trust. Both asserted that Patrick Bagley, a member of plaintiff's firm serving as Carolyn's

-1-

attorney, had actually been the one managing the Trust from its inception, and that Trust assets had been depleted from $750,000 to $177,682.71.

The probate court entered an order granting defendant's petition for supervision on August 31, 2016, stating "that the Structured Settlement periodic payments from MetLife in the amount of Seven Thousand Five Hundred ($7,500.00) dollars and all other funds received on behalf of or for the benefit of [the Trust], received by Attorney Patrick Bagley, shall be deposited into [the Trust]" and "that no withdrawals shall be made from any of the bank accounts and/or Investment Accounts titled in the name of [the Trust]." The probate court also entered an order on September 13, 2016, removing Carolyn as trustee of the Trust and appointing defendant as her successor. The order directed Patrick Bagley to file a complete accounting of the Trust funds, finding that Carolyn had never really controlled the funds, and that Patrick Bagley admitted to removing $2,500 each month from MetLife's $7,500 monthly payment to the Trust supposedly "for the balance of the one-third Attorney fee he believes he is owed." Plaintiff filed a claim of appeal from the order in this Court, which was ultimately dismissed for failure to pursue the appeal in conformity with the rules. *In re Quintina LaShaun Austin Trust & Guardianship*," unpublished order of the Court of Appeals, entered January 11, 2017 (Docket No. 334890).

Meanwhile, on October 28, 2016, plaintiff filed the present action in the Oakland County Circuit Court against the Trust and defendant, as trustee and guardian of Quintina, claiming breach of contract, unjust enrichment, and promissory estoppel. In so doing, plaintiff alleged that: (1) the legal services contract Carolyn signed stipulated that it would receive 1/3 of any settlement obtained as attorney fees, (2) the settlement order from the no-fault action awarded plaintiff only partial attorney fees, (3) the remaining attorney fee balance was to be paid through periodic monthly payments of $2,500, and (4) the Trust ceased making the payments in violation of the agreement.

In response, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(6), arguing that plaintiff's complaint should be dismissed because the probate and circuit court cases involved the same parties and the same claims. Specifically, she asserted that plaintiff was an interested party in the probate action, and both cases involve the attorney fees allegedly owed to plaintiff. Further, defendant argued, "It is clear that the payment of attorney fees from the Trust relates to administration of the same, which, pursuant to MCL 700.1302, is exclusively within the jurisdiction of the probate court."

Plaintiff, in turn, filed a brief arguing that the probate proceedings were no longer pending, it was never a party to the probate action as it acted only as a representative of Carolyn and Quintina, and the probate and circuit court actions do not involve the same claims because its circuit court complaint alleged facts related to the legal services contract never litigated in the probate action. Further, plaintiff stated: "Nowhere in Plaintiff's instant breach of contract claim does it describe a right to disbursement from *the trust*. Rather, Plaintiff asserts it has a right to 33 1/3 % ($2,500 of the $7,500 monthly payments), pursuant to the contract for legal services, or the payments made from MetLife *prior to* its deposit into the trust."

Ultimately, on March 10, 2017, the circuit court granted the motion for summary disposition pursuant to MCR 2.116(C)(6), and dismissed plaintiff's complaint without prejudice.

-2-

In so doing, it reasoned that the probate action was still pending at the time of its decision because the probate court docket sheet indicated the case remained open, and the probate court continued its supervision of the Trust, that plaintiff was an interested party in the probate action, and that the resolution of both actions would require examination of the same operative facts.

## II. ANALYSIS

Plaintiff now challenges the circuit court's decision. "A trial court's decision to grant summary disposition under MCR 2.116(C)(6) is reviewed de novo." *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006). To determine whether summary disposition was warranted, we must consider the "affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties[.]" MCR 2.116(G)(5).

A court may grant summary disposition under MCR 2.116(C)(6), and dismiss a plaintiff's claims, when "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6); *Valeo*, 272 Mich App at 311. The rule is a "codification of the former plea of abatement by prior action," the purpose of which is to prevent harassment with new suits brought by the same plaintiff and involving the same questions at issue in already-pending litigation. *Fast Air, Inc v Knight*, 235 Mich App 541, 545-546; 599 NW2d 489 (1999).

Plaintiff first asserts that the circuit court improperly granted summary disposition because at the time the court decided the motion, the probate action was no longer pending. This Court has determined that an action cannot be dismissed pursuant to MCR 2.116(C)(6) unless the other action at issue is "pending at the time of the decision regarding the motion for summary disposition." *Fast Air, Inc*, 235 Mich App at 549. But, "a pending appeal is equivalent to a pending action." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323-324; 900 NW2d 680 (2017).

The probate court entered its order for supervision of the Trust on August 31, 2016, and its order appointing defendant as trustee on September 13, 2016, from which plaintiff appealed. As this Court did not dismiss plaintiff's appeal until January 11, 2017, there is no question that the probate action remained pending at the time plaintiff filed the present action in circuit court on October 28, 2016.[1] However, the circuit court did not actually decide defendant's motion for summary disposition until March 10, 2017. Accordingly, we must determine whether the probate action was still pending on that date.

The probate court's August 31 order mandated that no withdrawals be made from any Trust accounts "until further Order of the Court," and its September 13 order directed Patrick Bagley to file a complete accounting of the Trust's funds prior to a hearing scheduled for November 2016. Thus, the orders did not dispose of the probate action, or close the case. Further, through its August 31 order, the probate court took supervision of the Trust, and a

---

[1] Plaintiff specifically acknowledges that the probate action was pending at the time it filed the complaint.

probate court docket sheet defendant attached to her summary disposition reply brief listed the status of the case as open with a hearing scheduled for March 21, 2017, several days after the circuit court decision on the motion for summary disposition. As plaintiff offers no evidence or meaningful argument to the contrary, stating only that the probate proceedings were pending at the time it filed its breach of contract claim, but no longer pending at the time of the motion hearing, we hold that the probate action was still pending when the circuit court granted summary disposition.

Plaintiff next argues that the circuit court improperly dismissed its complaint pursuant to MCR 2.116(C)(6) because it was not itself a party to the probate action. Specifically, it asserts that, in the probate court, it acted only as a representative of Carolyn and Quintina.

Again, to warrant summary disposition under MCR 2.116(C)(6), the two cases at issue must be "between the same parties." MCR 2.116(C)(6). However, not all parties need be identical. *Fast Air, Inc*, 235 Mich App at 545 n 1. In *Fast Air, Inc*, 235 Mich App at 544-545, citing to *Black's Law Dictionary* (5th ed), this Court reasoned that " '[a] party to an action is a person whose name is designated on record as plaintiff or defendant.' " (Quotation marks omitted.) However, this definition is inapplicable to the probate action at issue, in which defendant petitioned the probate court for supervision of the Trust and removal of Carolyn as trustee, and no parties were formally designated plaintiffs or defendants. More relevant is this Court's definition of "party" in *Dearborn Hts Sch Dist No 7 v Wayne Co MEA/NEA*, 233 Mich App 120, 127; 592 NW2d 408 (1998), as "one who was directly interested in the subject matter, and who had a right to defend in, or control, the proceedings, and who had a right to appeal from the judgment."[2] See also *Black's Law Dictionary* (10th ed) (defining "interested party" as one "who has a recognizable stake (and therefore standing) in a matter").

Using the above definitions, we have no doubt plaintiff was a party to the probate action. Defendant specifically alleged in both probate court petitions that Patrick Bagley, a member of plaintiff's firm and attorney for Carolyn in that capacity, had actual control over the Trust funds. And there is no question plaintiff was negatively affected by the probate court's August 31 order directing that the monthly structured settlement payments be deposited into the Trust in full, as it could no longer retain a portion of the payments for its allegedly outstanding attorney fees. Moreover, although ultimately dismissed, plaintiff appealed the probate court's orders.[3]

---

[2] This Court used the same definition of "party" in *Schang v Schang*, unpublished per curiam opinion of the Court of Appeals, issued November 3, 2005 (Docket No. 263059), a factually similar case, to uphold a circuit court's order granting summary disposition pursuant to MCR 2.116(C)(6). Although we recognize that unpublished decisions are not precedentially binding under the rule of stare decisis, MCR 7.215(C)(1), they may "be considered instructive or persuasive." *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

[3] See MCR 5.801(A), which provides that an interested person may appeal a probate court order.

Finally, plaintiff argues that the circuit court erred when it granted summary disposition because the probate and circuit court actions did not involve the same claims. In so doing, it asserts that it never "contend[ed] that the source of attorney fee payments need[ed] to come from the Trust itself."

This argument is disingenuous and lacks merit. Claims between two actions need not be identical for summary disposition to be proper under MCR 2.116(C)(6). Instead, "the two suits 'must be based on the same or substantially the same cause of action.' " *J D Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986) (citation omitted). To determine if two actions involve the same claim, a court should look to whether "[r]esolution of either action will require examination of the same operative facts." *Id*. at 600-601.[4]

Resolution of the probate and circuit court actions here would require examination of the same operative facts. For its breach of contract, unjust enrichment, and promissory estoppel claims in the circuit court, plaintiff alleged that pursuant to the 2005 legal services contract, it was entitled to additional attorney fees, and that the Trust ceased making these additional attorney fee payments in violation of the agreement. And although plaintiff's complaint did not assert that the Trust may be the only source of the attorney fees, plaintiff brought the suit against defendant and the Trust itself rather than Carolyn, who signed the contract, and claimed that the remaining attorney fee balance was to be paid through periodic monthly payments of $2,500.

Comparatively, the probate action concerned the proper administration of and distribution of funds to the Trust, and the court directly addressed Patrick Bagley's monthly removal of $2,500 for the supposedly outstanding attorney fees owed to plaintiff from the structured settlement payments awarded to the Trust. Thus, to determine whether funds were properly distributed to the Trust, the probate court would likely examine the same 2005 legal services contract at issue in the circuit court action. Moreover, we note that the probate court has legal and equitable jurisdiction of proceedings concerning the administration and distribution of a trust in accordance with MCL 700.1302, and concurrent legal and equitable jurisdiction to "[h]ear and decide a contract proceeding or action by or against an estate, trust, or ward" pursuant to MCL 700.1303(1)(i).

---

[4] We acknowledge that this Court, in two recent unpublished decisions, disavowed the Court's reasoning in *J D Candler*, concluding that the decision need not be followed as it was decided before November 1, 1990, and holding that " 'the same claim' must be read narrowly as the one and only same claim.' " *Jarrett-Cooper v United Airlines, Inc*, unpublished per curiam opinion of the Court of Appeals, issued September 19, 2017 (Docket Nos. 330248; 331383; 333353; 333836), p 8; *Esch v Yacob*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2017 (Docket No. 332933), p 10. Nevertheless, as a published opinion of this Court, we choose to adhere to the law set forth in *J D Candler* under stare decisis. MCR 7.215(C)(2).

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray