*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PETER E. O'DOVERO, doing business as
O'DOVERO DEVELOPMENT,

        Plaintiff-Appellant,

v

JCP TRUST,

        Defendant-Appellee.

UNPUBLISHED
November 12, 2024
3:19 PM

No. 368606
Marquette Circuit Court
LC No. 2023-062494-CK

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

In this action for breach of contract and unjust enrichment, plaintiff Peter E. O'Dovero, doing business as O'Dovero Development, appeals as of right the circuit court's order granting summary disposition to defendant, JCP Trust, under MCR 2.116(C)(4) and (6). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The JCP Trust, an irrevocable trust, was established in 1991 by plaintiff and his wife, Lois E. O'Dovero, for the benefit of their nine living children. The Trust Agreement, which was twice amended, listed plaintiff and Lois as grantors, and three of their children—Connie Lynn Norris, Richard O'Dovero, and Gerald O'Dovero—as trustees, and stated, "The principle purpose of the trust is to receive gifts from the Grantors for the benefit of the Grantors' family as herein provided."
In 1992, O'Dovero Properties was formed via partnership agreement, which provided:

> The sole purpose and business of the partnership shall be to register and hold in the firm name and otherwise deal with, such property and only such property of the nature described in Article II of this Agreement as the partnership may be requested to do so by . . . the trustees of the JCP Trust . . . acting in a fiduciary capacity.

The agreement specifically divested the partnership of any beneficial interest in that property.

A property management agreement entered into by the JCP Trust and O'Dovero Development in 2000, made plaintiff the property manager for JCP Trust property. Per the

-1-

agreement, plaintiff would manage, operate, and control the rent for JCP Trust property, and JCP Trust would compensate and reimburse plaintiff for his services and any expenses incurred.

## II. PROBATE COURT CASES

As stated by this Court in the appeal of the probate court actions filed before the present circuit court case:

> A dispute began when the [JCP Trust] trustees attempted to terminate [plaintiff], doing business as O'Dovero Development, as the manager of numerous properties that were allegedly owned by the JCP Trust either legally, beneficially, or in both respects, because of suspicions that [plaintiff] was mismanaging the properties or attempting to divert money from the JCP Trust to himself. At the time . . ., legal title to most of the disputed properties either was or had been held by . . . O'Dovero Properties, over which [plaintiff] was essentially the managing partner. [*In re JCP Trust*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2022 (Docket Nos. 352366, 354065, 356469, 352367, 353970, and 356467), p 3.]

> In May 2017, the [JCP Trust] trustees initiated the trust proceeding (LC No. 17-337180-TV) by filing a petition seeking a declaration of the JCP Trust's rights in the disputed properties. In June 2017, [plaintiff] filed a petition to terminate the trust. In August 2017, the trustees initiated the related civil action (LC No. 17-337181-CZ) by filing a complaint which they subsequently amended. In their first amended complaint, the trustees sought various forms of relief, including (1) a determination of the JCP Trust's rights in the disputed properties pursuant to MCL 600.2932; (2) an order quieting title to those properties in the JCP Trust; (3) various forms of injunctive relief; (4) an accounting from the pertinent appellants; (5) imposition of a constructive trust; and (6) disgorgement of any inequitable gains by the pertinent appellants. . . . In July 2018, the civil action and probate proceedings were consolidated at the stipulation of the parties. [*Id*. at 4.]

> Following a bench trial,

> the probate court ruled in the trustees' favor, holding that the JCP Trust held title (i.e., legal ownership), beneficial ownership, or both with regard to most of the buildings, lands, and rents associated with the 21 disputed properties. The probate court also granted the JCP Trust a constructive trust over the associated rights in the disputed properties, along with other relief. [*Id*. at 3.]

In so doing, the probate court terminated the management agreement between the trustees and O'Dovero Development, and ordered plaintiff to "disgorge the Trustees of the rental monies retained by him as to the JCP Trust Properties as of August 21, 2018," and "provide an accounting to the Trustees of the JCP Trust of all rent or other monies received as to the JCP Trust Properties since August 21, 2018 (including such funds received by O'Dovero Development or O'Dovero Properties), and disgorge such funds to the Trustees of the JCP Trust." This Court affirmed the probate court's ruling on July 14, 2022. *In re JCP Trust*, unpub op at 34.

## III. CURRENT CIRCUIT COURT ACTION

On April 21, 2023, plaintiff filed a complaint in Marquette Circuit Court against the JCP Trust, claiming breach of contract and unjust enrichment. He alleges that defendant sought and was denied an injunction in the probate court action: "Therefore, [he], pursuant to order and contract, continued to manage the real property and commercial properties during the [probate court] litigation process either pursuant to the partnership agreement or a quasi-contract. Furthermore, the Probate Court found that there was a management agreement between the parties. Plaintiff further alleges that, at the start of the probate court litigation, defendant changed the banking for some of the subject properties, prompting him to pay for shortfalls with his personal funds to ensure proper management of the properties, and he was not reimbursed for these expenses.

On the basis of these allegations, plaintiff claims breach of the management contract and unjust enrichment in the amount of $1,980,158.58, or the following alternative relief:

> If the court is unable to promptly identify the benefit that Plaintiff conferred on Defendant because Defendant has concealed or transferred that benefit or for another reason, justice and equity require that Defendant place commercial real estate in a constructive trust or that the court impose an equitable lien on these assets for Plaintiff's benefit, while conducting an accounting . . . .

In lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(4) and (6),[1] asserting that, while appeal of the probate court's decision was pending, plaintiff was held in civil contempt for his refusal to comply with the court's order, and that plaintiff had a complaint for constructive eviction filed in 2020 dismissed under MCR 2.116(C)(4) and (6) because the property was "tied up" in the probate court action. Defendant argued that summary disposition should be granted under MCR 2.116(C)(4) for lack of subject-matter jurisdiction in the circuit court, because the probate court had exclusive jurisdiction over plaintiff's claims under MCL 700.1302(b)(v) and (vi). According to defendant, "the claims arising under the management agreement relate to the administration of the JCP Trust, a declaration of rights that involve a trust, and a determination of Plaintiff's and the Trustee's rights vis-à-vis the real property assets of the JCP Trust."

Defendant also argued that summary disposition was warranted under MCR 2.116(C)(6), because a probate court action involving the same claims and parties remained pending. Defendant stated:

> It is clear from the face of the complaint in this action that Plaintiff's claims involve the same dispute involving the Management Agreement. This is substantiated by [plaintiff] seeking an offset for expenses he incurred in connection with managing

---

[1] Defendant also moved for summary disposition under MCR 2.116(C)(1) and (7), but the circuit court declined to rule on either basis having granted summary disposition under (C)(4) and (6), and neither subrule has been raised as an issue on appeal.

the JCP Trust Properties, including expenses associated with maintenance, improvements, payments, labor, etc., for those real properties.

Plaintiff responded that because he was neither a trustee nor beneficiary of JCP Trust, citing MCL 700.7203, the circuit court had concurrent jurisdiction over his claims under MCL 700.1303, and "[i]t would not serve judicial economy for the case to be transferred to the Probate Court action as that action is no longer pending, and the Circuit Court's jurisdiction has not been preempted." He further asserted that neither the parties nor the claims match between this and the probate court action, as the "probate litigation was to determine ownership, not damages."

In reply, defendant argued the contract referenced in plaintiff's complaint—the management agreement—directly related to administration of the JCP Trust, and the probate court had exclusive jurisdiction notwithstanding MCL 700.7203. Further, the probate court action remained pending as a result of post-judgment motions for plaintiff's failure to comply with the court's order, and the circuit court action would involve the same operative facts because "[h]ere, [plaintiff] seeks damages from the Trustees' purported breach in the amount of $1,980,158.58. In the probate litigation, [plaintiff] contends he is entitled to a set-off in the amount of $1,980,158.28."

The circuit court held a hearing on defendant's summary-disposition motion, at which defendant's counsel asserted that when the probate court judge heard about the circuit court matter, "she recently ruled that well, I guess I gotta see what the Circuit Court is going to do. And I believe she was implying that she would expect the Circuit Court to toss it, because it's the very same facts that she has in front of her. And---and there should not be two proceedings running parallel with each other on the same issues." Plaintiff's counsel, in turn, argued that the probate action was no longer pending because it only involved postjudgment matters, and that he did not assert breach of contract in the probate action:

> And the reason being is because there is, at that point in time, no breach of contract, or no unjust enrichment. And the reason why? If the Court concluded that [plaintiff], through [O'Dovero Development], owned that entity, conveyed all the assets to that entity, and they were really his property, and none of the agreements had been followed, he can't ask for money to be returned if it's his. Cannot ask for money to be returned if it's his property. There is no breach. There is no unjust enrichment.

Additionally, plaintiff's counsel asserted: "Our numbers are from the point of what was collected going forward. Not what was collected up until and through the Probate Court. Ours is going forward in time. That is a different story that has never been heard. Has never been argued."

The circuit court ultimately granted defendant's motion under MCR 2.116(C)(4) and (6), reasoning that the probate court had exclusive jurisdiction over plaintiff's claims, and it would be practical for the probate court to decide the issues raised in the circuit court action. In the written order codifying its ruling, the circuit court stated:

> For the reasons stated on the record, the Court GRANTS the motion for summary disposition pursuant to MCR 2.116(C)(4) and MCR 2.116(C)(6). As the Court is

-4-

granting summary disposition on those two grounds, the remaining grounds of 2.116(C)(1) and 2.116(C)(7) need not be addressed. The Court does not find that the Plaintiff and/or his counsel has been frivolous in this filing and therefore does not award costs or sanctions.

This appeal followed.

## IV. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362094); slip op at 3 (quotation marks and citation omitted).

> Summary disposition under MCR 2.116(C)(4) is proper when a court lacks jurisdiction of the subject matter. . . . For jurisdictional questions under MCR 2.116(C)(4), this Court determines whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction. [*Id*. at ___; slip op at 4 (quotation marks and citations omitted).]

Summary disposition is appropriate under MCR 2.116(C)(6) when "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6). "A circuit court's ruling under MCR 2.116(C)(6) is reviewed de novo on the basis of the record as it existed at the time the ruling was made." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 325-326; 900 NW2d 680 (2017).

> [S]ummary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition. And, if there is another action pending and the party opposing the motion under MCR 2.116(C)(6) raises a question regarding whether that suit can and will continue, a stay of the second action pending resolution of the issue in the first action, should be granted. [*Id*. at 323 (quotation marks and citation omitted; alteration in original).]

## V. ANALYSIS

For the reasons that follow, the circuit court properly granted summary disposition to defendant under MCR 2.116(C)(6).

Again, summary disposition is appropriate under MCR 2.116(C)(6) when "[a]nother action has been initiated between the same parties involving the same claim."

> MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action. The purpose of the rule has been stated as follows:

> The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in *pending* litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject. [*Fast Air, Inc v Knight*, 235 Mich App 541, 545-546; 599 NW2d 489 (1999) (quotation marks and citations omitted).]

Plaintiff argues first that the circuit court failed to conduct any analysis under MCR 2.116(C)(6) and simply concluded that the probate court would be a better forum for plaintiff's claims from a practicality standpoint. While the circuit court included little direct analysis of the merits of summary disposition under MCR 2.116(C)(6) in its oral ruling or written order, we hold on de novo review that summary disposition was appropriate.

"[S]ummary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition." *Planet Bingo, LLC*, 319 Mich App at 323 (quotation marks and citation omitted; alteration in original). Plaintiff argues that the probate court action was no longer pending at the time the circuit court granted summary disposition, because the probate court's October 14, 2019 order was a final order affirmed on appeal. Further, plaintiff asserts that the probate court action cannot be considered pending as a result of proceedings to enforce the court's order, citing the definition of "pending" in Black's Law Dictionary.

We believe the probate court action here remains pending for purposes of MCR 2.116(C)(6).

> [A] pending appeal is equivalent to a pending action. See *Darin v Haven*, 175 Mich App 144, 151; 437 NW2d 349 (1989), citing *Maclean v Wayne Circuit Judge*, 52 Mich 257, 259; 18 NW 396 (1884) ("It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.") (emphasis omitted). [*Planet Bingo, LLC*, 319 Mich App at 323-324.]

Plaintiff is correct that the probate court's October 14, 2019 findings of fact, conclusions of law, and order ruling in the trustees' favor, terminating the management agreement between the trustees and O'Dovero Development, and ordering an accounting of rent monies withheld constituted a final order, which was affirmed on appeal. Indeed, in the appeal of that order to this Court, discussed earlier, the Court stated, "Appellants agreed to consolidate the probate proceeding and civil action for all purposes, including trial; they had proceeded to trial; the probate court had issued its final order following trial, which stated that the court adjudicated *all* claims in these consolidated cases, and; appellants had claimed appeals from those final orders." *In re JCP Trust*, unpub op at 33.

However, defendant presented convincing evidence that the probate court matter was not "finally and completely disposed of," *Planet Bingo, LLC*, 319 Mich App at 323-324 (quotation marks and citation omitted), at the time the circuit court granted summary disposition on October 30, 2023. While plaintiff's appeal of the probate court's October 14, 2019 order was pending in this Court, the probate court held plaintiff in civil contempt for his failure to comply with that order. In so doing, the probate court found that plaintiff failed to turn over books, records, or accounting which identified the funds received or expended, or rental monies owed, stating, "The Court is aware . . . that [plaintiff] argues that he has rightfully not turned over rents to the JCP Trust as he is owed $1,980,158.28 from the JCP Trust." The court ordered, in part, that plaintiff "fully comply with the Court's Order of October 14, 2019 or he is subject to imposition or a sufficient sum to cover the actual loss and damages suffered by the JCP Trust for the contemptuous acts . . . ."

Additionally, attached to defendant's summary-disposition reply brief was an excerpt of the probate court's register of actions in 17-17337180-TV, which listed a motion hearing date of October 4, 2023, and "OPEN" under case status. And at the summary-disposition motion hearing on October 20, 2023, defendant's counsel brought the probate court's actions to the circuit court's attention, stating:

> When Judge Hill heard of the Circuit Court matter, she recently ruled that well, I guess I gotta see what the Circuit Court is going to do. And I believe she was implying that she would expect the Circuit Court to toss it, because it's the very same facts that she has in front of her. And---and there should not be two proceedings running parallel with each other on the same issue.

This evidence demonstrates that the probate court action was pending at the time the circuit court granted defendant summary disposition, and plaintiff has provided little meaningful argument or evidence otherwise.

The evidence also demonstrates that plaintiff's circuit court action involves the same parties and the same claims as the consolidated probate court action for purposes of MCR 2.116(C)(6). Plaintiff argues that the circuit court failed to analyze whether the parties or claims were the same, and cursorily asserts, "When the court looks at these matters as a whole, the parties are not the same." Plaintiff is incorrect. "[T]he term 'same parties' in the court rule does not require complete identity as to all parties in each lawsuit; rather, it only requires the moving party and the opposing party to be the same." *Dairyland Ins Co v Mews*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 359855, 361345, 361348, 361351, 361357); slip op at 9. In the circuit court action at issue here, the parties are Peter E. O'Dovero, doing business as O'Dovero Development, and the JCP Trust. While not identical, the parties in the probate court actions included Peter E. O'Dovero as well as individual trustees on behalf of the *JCP Trust*. See *In re JCP Trust*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2022 (Docket Nos. 352366, 354065, 356469, 352367, 353970, and 356467). Thus, the parties are the same for purposes of MCR 2.116(C)(6).

Plaintiff also argues that the claims in his circuit court action are not substantially the same as the claims at issue in the probate court action, stating:

The operative facts in the Probate Court were ownership. [Plaintiff's] operative facts in the Circuit Court are breach of contract/unjust enrichment for the excess expenses paid and management fees paid by [plaintiff] personally for managing properties during the Probate Court litigation. [Plaintiff]'s Circuit Court action could not have been decided in the Probate action until ownership was decided, and the Probate court determined the Management Agreement was enforceable, and disregarded [plaintiff]'s arguments.

\* \* \*

Once title was determined to belong to JCP, [plaintiff] had an action to recover amounts owed. . . . [I]n order to bring this action, [plaintiff] had to prove that Defendant breached the Management Agreement. The Plaintiff could not bring his breach of contract claim or unjust enrichment claim until the probate [court] made the determination of ownership, validity of the management agreement, and that [O'Dovero Properties] did not control due to ownership or [O'Dovero Properties'] partnership agreement did not manage the property.

We disagree. For summary disposition under MCR 2.116(C)(6), not all issues need be identical between the two cases. "The two suits only have to be based on the same or substantially the same cause of action." *Fast Air, Inc*, 235 Mich App at 545 n 1, quoting *JD Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986) (quotation marks and citation omitted). In other words, "[r]esolution of either action will require examination of the same operative facts." *JD Candler Roofing Co, Inc*, 149 Mich App at 601. In plaintiff's circuit court complaint, he requests damages in the amount of $1,980,158.58 for breach of contract and unjust enrichment, alleging that during the pendency of the probate court litigation, he paid for shortfalls from managing the JCP Trust properties with his own personal funds. Comparatively, as part of the consolidated probate court action, the court determined that plaintiff had an agreement with JCP Trust to manage the trust properties, ultimately terminating that agreement, and ordered that plaintiff disgorge to the JCP Trust any rental monies retained by him as of August 21, 2018, and provide an accounting of all monies received as to JCP Trust Properties since August 21, 2018.

Thus, the two actions require examination of the same operative facts—an accounting of the monies plaintiff received and expended managing the JCP Trust properties—for resolution. See *JD Candler Roofing Co, Inc*, 149 Mich App at 601. Additional evidence presented by defendant in support of its motion for summary disposition supports this conclusion. In its contempt order for plaintiff's failure to comply with the October 14, 2019 order, attached to defendant's summary-disposition motion, the probate court stated, "The Court is aware . . . that Peter E. O'Dovero argues that he has rightfully not turned over rents to the JCP Trust as he is owed $1,980,158.28 from the JCP Trust." This is a remarkably similar number to that which he requests in his circuit court action. Plaintiff argues on appeal that despite the similarity: "The Probate Court's claim is regarding 'retained rent' that [he] received during the Probate Court litigation that he then paid out for property expenses. The Circuit Court claim is regarding expenses paid *in excess of rent collected*." But as stated above, this all appears to relate to the accounting the probate court ordered that plaintiff provide "to the Trustees of the JCP Trust of all rent or other monies received as to the JCP Trust Properties since August 21, 2018[.]"

Accordingly, on the basis of the evidence produced by the parties in support of their summary-disposition arguments, we hold that the trial court did not improperly grant summary disposition to defendant under MCR 2.116(C)(6). Because this disposes of plaintiff's appeal, we need not address the circuit court's grant of summary disposition under MCR 2.116(C)(4).

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron