FAST AIR, INC v KNIGHT

Docket No. 207004. Submitted April 8, 1999, at Detroit. Decided May 18,
1999, at 9:05 A.M.

Fast Air, Inc., and Dean Greenblatt brought an action in the Oakland
Circuit Court against Richard D. Knight and K-Air, Inc., seeking
damages for claims arising out of a failed business transaction
between the plaintiffs, the defendants, and another person. The
defendants filed a motion for summary disposition pursuant to
MCR 2.116(C)(6), alleging that when the action was filed, another
action between the same parties and involving the same claims had
been initiated and was pending in the Genesee Circuit Court. The
Oakland Circuit Court, Richard D. Kuhn, J., granted the defendants'
motion. The plaintiffs appealed, alleging that the court erred in
granting the motion because the Genesee Circuit Court case had
been dismissed and was no longer pending at the time the Oakland
Circuit Court granted the motion.

The Court of Appeals *held*:

1. Summary disposition cannot be granted under MCR
2.116(C)(6) unless there is another action between the same parties
involving the same claims currently initiated and pending at the
time of the decision regarding the motion. If there is another action
pending and the party opposing the motion under MCR 2.116(C)(6)
raises a question regarding whether that suit can and will continue,
a stay of the second action pending resolution of the issue in the
first action shall be granted.

2. The court did not abuse its discretion in rendering its decision
regarding the motion under MCR 2.116(C)(6) after being fully
apprised of the parties' positions through their briefs and without
oral arguments.

Reversed and remanded.

MOTIONS AND ORDERS — SUMMARY DISPOSITION — PRIOR PENDING ACTION
BETWEEN PARTIES.

Summary disposition under MCR 2.116(C)(6) is appropriate where
there is another action between the same parties and involving the
same claims initiated and pending at the time of the decision to
grant the motion; summary disposition under the rule is not appro-
priate where the other action between the same parties and involv-

ing the same claims is dismissed before the time of the decision regarding the ruling on the motion; where the other action is pending and the party in the second action that opposes the motion raises a question regarding whether the first action can and will continue, a stay of the second action pending resolution of the issue in the first action should be granted.

*Steven M. Chait, P.C.* (by *Steven M. Chait*), for the plaintiffs.

Before: HOOD, P.J., and HOLBROOK, JR., and WHITBECK, JJ.

PER CURIAM. Summary disposition was granted to defendants, Richard D. Knight and K-Air, Inc., pursuant to MCR 2.116(C)(6) after the trial court determined that when this action was filed in the Oakland Circuit Court, another action had been initiated and was pending between the same parties involving the same claims in the Genesee Circuit Court. A subsequent motion for rehearing by the plaintiffs, Fast Air, Inc., and Dean Greenblatt, was denied, and plaintiffs appeal as of right. We reverse and remand.

This case arises out of a failed business deal between plaintiffs, defendant Richard Knight, and an investor, Alice Gilbert. On March 19, 1996, defendant Richard Knight filed an action against plaintiffs and Gilbert in the Genesee Circuit Court, alleging breach of fiduciary duties, breach of contract, intentional infliction of emotional distress, and legal malpractice against Gilbert. Plaintiffs were not served with process in that case. The summons was extended on October 17, 1996, but expired on January 15, 1997, without plaintiffs' being served. The case against them was therefore dismissed. On October 23, 1996, before the expiration of the extended summons in the Genesee case, plaintiffs initiated this action in the

Oakland Circuit Court, alleging fraud in the inducement, breach of contract, fraudulent misrepresentation, breach of fiduciary duties, conversion, tortious interference with a business relationship, and detrimental reliance. On November 18, 1996, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(6) and (8) or, in the alternative, for a change of venue. On August 18, 1997, seven months after the Genesee case against plaintiffs had been dismissed, the trial court in this action granted summary disposition in favor of the defendants pursuant to MCR 2.116(C)(6).

On appeal, plaintiffs argue, without citing any authority, that MCR 2.116(C)(6) did not apply because they were not parties to the Genesee action because they had never been served with process. We find this argument to be disingenuous, but nevertheless, we reverse and remand. We review the grant of a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

The issue in this case is one of first impression, specifically whether a motion brought under MCR 2.116(C)(6)  can be granted where another action, which was initiated between the same parties and involved substantially similar claims, was dismissed before the ruling on the motion under MCR 2.116(C)(6).  We are, thus, called on to construe MCR 2.116(C)(6).

When this Court must construe a court rule, the principles of statutory construction apply. The mission of a court engaged in statutory construction is to interpret and apply the statute in accordance with the intent of the drafter, which, in the first instance, must be determined from the

plain meaning of the language used. In the face of unambig-
uous statutory language, the court has no further role in
construing the court rule . . . . [*Mahrle v Danke*, 216 Mich
App 343, 348; 549 NW2d 56 (1996) (citation omitted).]

MCR 2.116(C)(6) provides that a motion for sum-
mary disposition is appropriate where "[a]nother
action has been initiated between the same parties
involving the same claim." Actions are initiated in
Michigan upon the filing of a complaint, and not upon
service of process. See MCR 2.101(B), which states
that an action is commenced by filing a complaint
with the court. The word "initiate" is a synonym of
the word "commence." See Black's Law Dictionary
(5th ed). We also note that Dean and Longhofer com-
ment that MCR 2.101 "probably also determines
when a suit has been brought for purposes of MCR
2.113(C)(2), which requires the caption of a complaint
to indicate whether or not another civil action
between the same parties arising out of the same
transaction or occurrence is 'pending' in the same
court." 1 Dean & Longhofer, Michigan Court Rules
Practice, p 73. By analogy, if MCR 2.101 determines
when the caption must indicate that there is another
civil action, it should also determine when an action
has been initiated or commenced for purposes of
summary disposition.

In this case, an action was initiated on March 19,
1996, when defendant Richard Knight filed his com-
plaint against plaintiffs and Gilbert in the Genesee
Circuit Court. Both plaintiffs and defendant Richard
Knight were parties to the Genesee action. "A 'party'
to an action is a person whose name is designated on
record as plaintiff or defendant." Black's Law Diction-
ary (5th ed). Thus, when plaintiffs filed the instant

complaint, there was another civil action initiated between the same parties involving substantially similar claims arising out of the same failed business transaction.[1] Therefore, plaintiffs' claim that they were not parties to the Genesee action is totally meritless.

However, when the motion for summary disposition was decided by the Oakland Circuit Court, the Genesee case against plaintiffs had been dismissed. There was no action initiated and pending between the same parties at that time. MCR 2.116(C)(6) is ambiguous to the extent that it does not indicate when the determination of the existence of another commenced action is made: at the time of the ruling regarding the motion under MCR 2.116(C)(6) or at the time the suit in question is filed. Keeping in mind that statutes should be interpreted and applied in accordance with the intent of the drafter, *Mahrle, supra*; *Put v FKI Industries, Inc*, 222 Mich App 565, 569; 564 NW2d 184 (1997), we hold that MCR 2.116(C)(6) does not operate where another suit between the same parties involving the same claims is no longer pending at the time the motion is decided.

MCR 2.116(C)(6) is a codification of the former plea of abatement by prior action. *Darin v Haven*, 175 Mich App 144, 148; 437 NW2d 349 (1989). The purpose of the rule has been stated as follows:

---

[1] Plaintiffs do not contest that the claims in this case and the Genesee case were substantially similar and arose out of the failed business dealings between them. MCR 2.116(C)(6) does not require that all the parties and all the issues be identical. *J D Candler Roofing Co, Inc v Dickson*, 149 Mich App 593, 598; 386 NW2d 605 (1986). The two suits only have to " 'be based on the same or substantially the same cause of action.' " *Id.* (citation omitted).

"The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in *pending* litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject." [*Id.*, quoting *Chapple v Nat'l Hardwood Co*, 234 Mich 296, 298; 207 NW 888 (1926) (emphasis added).]

In her concurring opinion in *Rowry v Univ of Michigan*, 441 Mich 1, 20-21; 490 NW2d 305 (1992), Justice RILEY stated the purpose of the rule as follows:

The rule is designed to stop parties from endlessly litigating matters involving the same questions and claims as those presented in pending litigation. In other words, its purpose is to prevent "litigious harassment" involving the same questions as those in *pending* litigation. [Emphasis added; citations omitted.]

While we acknowledge that at the time of the filing of this suit, there was another case initiated and pending, we find that the purpose of MCR 2.116(C)(6) is not served by dismissal of the Oakland case under the circumstances presented. The maintenance of this action does not result in "litigious harassment" or needless and duplicative expenditures because, at the time of dismissal, there was no action initiated and pending involving the same parties and same claims. In fact, this is the first pending action where the parties can and will litigate these issues. In the Genesee action, plaintiffs were never, because of defendant Knight's failure to serve them, called on to defend any claims and were never entitled to pursue their claims as counterclaims. If we were to hold that MCR

2.116(C)(6) operates where other litigation was initiated but later dismissed, an absurd result, which ignores the purpose of the rule, is reached. For example, defendant Knight could have purposefully withheld service in order to prevent plaintiffs from asserting counterclaims in the Genesee action, while at the same time arguing that the Oakland action cannot proceed because of the Genesee action. This is not the purpose of the rule, and, in fact, is inconsistent with substantial justice.

In *Sovran Bank, NA v Parsons*, 159 Mich App 408; 407 NW2d 13 (1987), the plaintiff filed suit to renew a judgment against the defendant (the first case). The summons and complaint were served on the defendant in Florida. The defendant alleged lack of personal jurisdiction because of the way process was served. Later, while the jurisdictional questions were still pending in the first case, the plaintiff filed a second complaint in the same circuit court (the second case), and was able to personally serve the defendant in Michigan. Upon the defendant's motion, the second case was dismissed pursuant to MCR 2.116(C)(6). A panel of this Court ruled that the dismissal of the second case was erroneous under the circumstances. *Sovran, supra* at 411-412. In so ruling, it stated:

> [S]ummary disposition pursuant to the court rule arguably was proper. On the other hand, there remains some measure of speculation. We note the fact that jurisdiction in the second Michigan case was obtained by service on defendant in Michigan. Assuming that jurisdiction was denied in the first Michigan case, that dismissal of the second Michigan case was granted prior to this determination and that plaintiff was subsequently allowed to refile its claim, plaintiff would be unable to do so unless defendant again returned to Michigan. There is, of course, no guaran-

tee that this would occur. Thus, dismissal prior to the actual resolution of the jurisdictional question potentially could prevent plaintiff from ever being able to adjudicate the claim in this state.

We find that the more appropriate action would have been to stay proceedings pending resolution of the jurisdictional question. In *Ross* [*v Onyx Oil & Gas Corp*, 128 Mich App 660; 341 NW2d 783 (1983)], this Court stated:

"Where the rights of parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed." [*Id.*, p 670, quoting 1 Am Jur 2d, Actions, §§ 92-94, pp 621-622.]

Plaintiff's right to proceed with the second Michigan case depended upon whether or not jurisdiction properly existed in the first Michigan case. If jurisdiction existed, dismissal of the former would then be proper. If not, plaintiff would still be free to pursue the matter in a Michigan court. [*Sovran, supra* at 414.]

When determining whether the motion under MCR 2.116(C)(6) should have been granted, the *Sovran* Court focused on whether there was pending litigation, which could proceed, involving the same parties and claims. The Court ruled that dismissal of the second action under MCR 2.116(C)(6) should depend on proceedings in the first action where questions about the viability of that action were raised. It did not limit a trial court to deciding a motion under MCR 2.116(C)(6) solely on the facts presented at the time the second suit was filed.

In *Chapple, supra,* the Court also considered all the facts presented at the time of the decision regarding the motion. In *Chapple,* two defendants were sued in the Montcalm Circuit Court. The plaintiff had previously sued the same two defendants, making the same claims, in the Kent Circuit Court. One defend-

ant, Sempliner, had been dismissed from the Kent case. Sempliner was relieved from the Montcalm case because the court found that no cause of action had been stated against him. *Chapple v Nat'l Hardwood Co*, 234 Mich 496, 497; 208 NW 704 (1926). The other defendant, Jacobson, however, had not been dismissed from the Kent case. He argued that the Montcalm Circuit Court action should be abated because there was a former suit pending, involving an identical matter. In ruling in favor of Jacobson, the Court of Appeals considered that the Kent case was already filed when the Montcalm case was initiated, and *that the Kent case was still pending. Chapple, supra*, 234 Mich 298. The Court intimated that the purposes of abatement are only served where there is another action pending at the time of the decision regarding the request for abatement. *Id.*

On the basis of *Sovran, supra*, and *Chapple, supra*, we find that summary disposition cannot be granted under MCR 2.116(C)(6) unless there is another action between the same parties involving the same claims currently initiated and pending at the time of the decision regarding the motion for summary disposition. And, if there is another action pending and the party opposing the motion under MCR 2.116(C)(6) raises a question regarding whether that suit can and will continue, a stay of the second action pending resolution of the issue in the first action, should be granted.

On appeal, plaintiffs also argue that Oakland County was the only proper venue for their claims. This issue was not preserved for appeal because it was not raised in and decided by the trial court. *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98; 494 NW2d 791 (1992). Moreover, a resolution of

that issue is not necessary to the disposition of this case.

Finally, plaintiffs argue that the trial court should have heard oral argument before deciding the motion for summary disposition. MCR 2.119(E)(3) specifically authorizes the court, in its discretion, to dispense with or limit oral arguments with regard to motions. We review such a decision for an abuse of that discretion. *Bancorp Group, Inc v Michigan Conference of Teamsters Welfare Fund*, 231 Mich App 163, 169; 585 NW2d 777 (1998), lv pending. We find no abuse of discretion here, where the trial court was fully apprised of the parties' positions, by way of the parties' briefs, before rendering a decision.

Reversed and remanded. We do not retain jurisdiction.