*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE INFRA, LLC, and RAMP
TECHNOLOGY GROUP, LLC,

Plaintiffs-Appellants,

v

MACOMB COUNTY and CITY OF WARREN,

Defendants-Appellees.

UNPUBLISHED
March 24, 2020

No. 347122
Macomb Circuit Court
LC No. 2018-001065-CH

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

In this action following a tax foreclosure, plaintiffs, People Infra, LLC, and RAMP Technology Group, LLC, appeal as of right the trial court's grant of defendant City of Warren's motion for summary disposition. We affirm.

This case arises from the foreclosure sale of certain commercial property located on Eleven Mile Rd. in Warren, Michigan. After defendant Macomb County foreclosed on the property due to delinquencies on paying property taxes, it sold the property to defendant City of Warren ("the City") via quitclaim deed. After the City changed the locks on the property, plaintiffs filed suit in circuit court, alleging "unlawful interference with possession" and conversion against the City. Plaintiffs had also filed a complaint in the Court of Claims, alleging that the City was unjustly enriched. In the instant case, the circuit court granted summary disposition in favor of the City because of the pending case at the Court of Claims.

On appeal, plaintiffs argue that the trial court erred by granting summary disposition pursuant to MCR 2.116(C)(6) in favor of the City. Plaintiffs assert that the court erred because the claims they raised in the circuit court were different than the claims they raised in the Court of Claims. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Gyarmati v Bielfield*, 245 Mich App 602, 604; 629 NW2d 93 (2001). When deciding whether summary disposition is proper under MCR 2.116(C)(6), a court must consider the pleadings,

affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5).

MCR 2.116(C)(6) provides that summary disposition is appropriate when "[a]nother action has been initiated between the same parties involving the same claim." This subrule "is a codification of the former plea of abatement by prior action," which had the purpose "to protect parties from the harassment of new suits." *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 313; 725 NW2d 364 (2006). "The rule is designed to stop parties from endlessly litigating matters involving the same questions and claims as those presented in pending litigation. In other words, its purpose is to prevent 'litigious harassment' involving the same questions as those in pending litigation." *Rowry v Univ of Mich*, 441 Mich 1, 20-21; 490 NW2d 305 (1992) (RILEY, J., concurring) (citations omitted).

While the trial court did not expressly cite MCR 2.116(C)(6) when it made its ruling, it is apparent that the court relied on this subrule in granting the City's motion for summary disposition. At the motion hearing, the trial court stated that the fact that there was an action pending at the Court of Claims involving the same property and asking for damages "controls." The court further stated that it was "satisfied" that the case was "appropriate for the Court of Claims."

Under the plain language of MCR 2.116(C)(6), a claim is barred if "there is another action between the same parties involving the same claims." *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Plaintiffs do not dispute that at the time the motion for summary disposition was decided by the trial court, the same parties also were listed in a suit that was pending at the Court of Claims. Instead, plaintiffs' sole argument for this issue on appeal is that the trial court erred by determining that the claims in both courts were "the same."

In plaintiffs' suit at the Court of Claims, plaintiffs raised two claims: one against Macomb County seeking damages pursuant to MCL 211.78*l* for failing to comply with applicable foreclosure requirements, and one against the City seeking recoupment for unjust enrichment. Regarding the claim against the City, plaintiffs alleged the following:

> 30. *The City has retained possession of the Property* despite the fact that the foreclosure proceedings were conducted in violation of MCL 211.78.
>
> 31. As a result of the foregoing, the City has been conferred a benefit that it would be unjust for the City to retain.
>
> 32. People Infra is entitled to recover as damages the difference between the fair market value of the Property and the price the City paid for the Property[.]
>
> 33. RAMP is entitled to recover as damages the fair market value of its leasehold interest in the Property. [Emphasis added.]

In the instant complaint at the circuit court, plaintiffs' count against the City alleged that the City (1) unlawfully interfered with RAMP's possession of the property by changing the locks, and (2) converted RAMP's personal property for the City's own uses. As plaintiffs

-2-

correctly point out, neither of these allegations is identical to the claim alleged at the Court of Claims. However, for dismissal under MCR 2.116(C)(6), the claims in both suits do not have to be identical; "the two suits only have to be based on the same or substantially the same cause of action." *Id*. at 545 n 1 (quotation marks and citation omitted). We hold that the claims are substantially the same cause of action because they flow from the City's possession of the property, which it obtained after Macomb County foreclosed on the property. Notably, in the Court of Claims, plaintiffs alleged that the City was unjustly enriched on account of its "possession of the Property." Plaintiffs' focus at the circuit court on the City's changing of the locks on the property is merely one particular aspect of it taking and asserting "possession of the Property" and, as such, makes the claims substantially the same. See *id*. at 545 (recognizing that disparate claims nonetheless were substantially similar because they "[arose] out of the same failed business transaction"). Therefore, plaintiffs have failed to show how summary disposition was improper under MCR 2.116(C)(6).

Because summary disposition was properly granted in favor of the City on the basis of MCR 2.116(C)(6), we need not address plaintiffs' other arguments regarding whether summary disposition would have been proper under MCR 2.116(C)(8) or (10).

Affirmed.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola