*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SMITA UPADHYAY,

      Plaintiff-Appellant,

v

VIVEK PRASHANT DWIVEDI,

      Defendant-Appellee.

UNPUBLISHED
July 22, 2021

No. 352551
Oakland Circuit Court Family
          Division
LC No. 2019-875075-DO

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this divorce action, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(6) (another action between the same parties involving the same claim). We affirm.

## I. BACKGROUND

The parties were married in Pune, India in September 2003. In the years after their marriage, the parties lived in Michigan before moving to Texas, where they purchased two homes; they later returned to Michigan for employment. Throughout the marriage, the parties disagreed about having children. During a 2019 visit to India, the parties consulted with a doctor about starting invitro fertilization treatments, but plaintiff ultimately decided against a pregnancy. On June 10, 2019, defendant filed a petition for divorce in India. There were a number of subsequent hearings in the India case that plaintiff appeared for by proxy as is provided for by India law.[1] After returning to the United States, plaintiff filed a complaint for divorce in the instant case on January 26, 2020. Defendant moved for summary disposition under MCR 2.116(C)(6), arguing

---

[1] Plaintiff does not dispute that the India court has jurisdiction.

that this case and the India case involved the "same claim" under the court rule. The trial court agreed and dismissed plaintiff's complaint without prejudice. This appeal followed.[2]

## II. ANALYSIS

Summary disposition is appropriate under MCR 2.116(C)(6) when "[a]nother action has been initiated between the same parties involving the same claim." This subrule applies even when the other action is in a foreign court. See *Valeo Switches & Detection Sys, Inc v Emcom, Inc*, 272 Mich App 309, 319; 725 NW2d 364 (2006).

As the trial court reasoned, both the India action and the Michigan action involve the same parties and the same claim, i.e., a request for dissolution of the marriage. See *Bauserman v Unemployment Ins Agency*, 503 Mich 169, 182 n 6; 931 NW2d 539 (2019) (" 'Claim' is relevantly defined as . . . 'a demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for.' "), quoting *Black's Law Dictionary* (10th ed).

Plaintiff nonetheless argues that the case in India does not involve the "same claim" as the Michigan action because the two jurisdictions grant divorces on entirely different bases. While Michigan has a no-fault divorce law, the Hindu Marriage Act requires proof of fault to obtain a divorce. Plaintiff therefore contends that the Michigan and India courts, respectively, will rely on different operative facts in adjudicating the parties' divorce. However, while Michigan spouses are not required to prove fault to obtain divorce, fault may be relevant to the divorce proceedings. For example, in cases where a party seeks spousal support, as plaintiff does, the trial court will consider a number of factors including "the length of the marriage, the parties' ability to pay, their past relations and conduct, their ages, needs, ability to work, health and fault, if any, and all other circumstances of the case." *Korth v Korth*, 256 Mich App 286, 289; 662 NW2d 111 (2003) (quotation marks and citation omitted). Further, trial courts in Michigan may consider fault in dividing a marital estate. *Berger v Berger*, 277 Mich App 700, 721; 747 NW2d 336 (2008). Thus, plaintiff's contention that the India action is based on a different set of facts is not accurate. Regardless, MCR 2.116(C)(6) does not turn on whether the underlying relevant facts are the same in both actions, but whether the actions involve the same parties and the same claim.

Plaintiff argues that the two cases are not the same claim because she is seeking division of the marital property, whereas defendant's petition in the India case does not request that relief. She further asserts that courts in India lack jurisdiction to divide marital property under the Hindu Marriage Act. Defendant argues, however, that a court may divide the parties' joint property under India's Family Courts Act. We need not now resolve this question of foreign law because, even assuming that the court in India cannot divide the parties' marital property, "MCR 2.116(C)(6) does not require that . . . all the issues be identical." *Fast Air, Inc v Knight*, 235 Mich App 541, 545 n 1; 599 NW2d 489 (1999). Although it is possible that the India court will not resolve issues of marital property, this does not change the fact that both actions involve the same underlying

---

[2] We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(6). *Fast Air, Inc v Knight*, 235 Mich App 541, 543; 599 NW2d 489 (1999).

claim. And if the India court does not resolve all matters of joint property, an action may be filed thereafter in Michigan, or another state having proper jurisdiction, to resolve those outstanding matters.[3] We reject plaintiff's argument that the *possibility* that the India case will not resolve those matters entitles her to proceed in a parallel Michigan case or that awaiting the India court's judgment constitutes a substantial injustice. Plaintiff retains the right to oppose recognition and enforcement of the India divorce decree. However, whether the India divorce decree should be recognized and enforced in Michigan can only be determined after it has been issued.[4] See *Dart v Dart*, 460 Mich 573; 597 NW2d 82 (1999). To be clear, our decision is without prejudice to plaintiff bringing an action to resolve any property disputes not resolved by the India divorce decree or opposing recognition and enforcement of that decree in Michigan.

Affirmed. As the prevailing party, defendant may tax costs pursuant to MCR 7.219(A).

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[3] Indeed, defendant's appellate brief concedes that res judicata would apply only as to "issues decided by the India[] court" and that "if the India[] court does not address an issue (such as, perhaps, the division of the Texas property sale proceeds), that issue could subsequently be litigated elsewhere."

[4] The Uniform Foreign-Country Money Judgments Recognition Act, MCL 691.1131 *et seq.*, by its own terms, does not apply to divorce judgments. MCL 691.1133(2)(c). It goes on to provide that such judgments may be recognized under principles of comity. See MCL 691.1141.