*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERT PRICE and KAREN PRICE,

   Appellees,

v

COUNTY OF GLADWIN and COUNTY OF MIDLAND,

   Appellants.

UNPUBLISHED
January 11, 2024

No. 363327
Gladwin Circuit Court
LC No. 22-011448-AA

---

ENDRE SEFCSIK,

   Appellee,

v

COUNTY OF GLADWIN and COUNTY OF MIDLAND,

   Appellants.

No. 363328
Gladwin Circuit Court
LC No. 22-011449-AA

---

CARL ROLL and COLETTE ROLL,

   Appellees,

v

COUNTY OF GLADWIN and COUNTY OF MIDLAND,

   Appellants.

No. 363329
Gladwin Circuit Court
LC No. 22-011450-AA

---

ANTHONY BAX and KELLY BAX,

Appellees,

v

COUNTY OF GLADWIN and COUNTY OF
MIDLAND,

Appellants.

No. 363330
Gladwin Circuit Court
LC No. 22-011451-AA

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

In these consolidated appeals, the County of Gladwin and the County of Midland (collectively, the counties) appeal by leave granted[1] the order entered by the Gladwin Circuit Court denying the counties' motion seeking summary disposition under MCR 2.116(C)(6) ("Another action has been initiated between the same parties involving the same claim.") or, in the alternative, to have the matter transferred to the Midland Circuit Court. For the reasons set forth in this opinion, we vacate and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

These four cases involve special-assessment roll appeals to circuit court stemming from previous petitions the counties filed in both the Gladwin Circuit Court (Case No. 19-9892-PZ) and the Midland Circuit Court (Case No. 19-5980-PZ) to set the lake levels of four inland lakes that are part of an interconnected system spanning portions of both Gladwin County and Midland County[2] and to establish the Four Lakes Special Assessment District. In those proceedings, Midland Circuit Judge Stephen Carras presided over the Midland Circuit action and was also assigned by the State Court Administrative Office (SCAO) to serve as a judge of the Gladwin Circuit Court to "assist with the docket in the matter of Wixom Lake, Sanford Lake, et al, 19-9892-PZ."

On May 28, 2019, Judge Carras entered an order in the Midland Circuit action setting the normal lake levels for the four lakes pursuant to Part 307 of the Natural Resources and Environmental Protection Act, MCL 324.30701 *et seq.*, and confirming the boundaries of the Four Lakes Special Assessment District. This order further provided that "this Order shall also be

---

[1] *Price v Gladwin Co*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 363327); *Sefcsik v Gladwin Co*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 363328); *Roll v Gladwin Co*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 363329); *Bax v Gladwin Co*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 363330).

[2] The four lakes are Sanford Lake, Secord Lake, Smallwood Lake, and Wixom Lake.

entered *In the Matter of: Wixom Lake, Sanford Lake, Smallwood Lake, and Secord Lake*, Case No. 19-009892-PZ, pending in the Gladwin County Circuit Court." The order referred to each action separately by its original case number and forum. It appears that the two actions were essentially addressed simultaneously but it does not appear that they were ever formally consolidated. Subsequently, Judge Carras entered an order in the Gladwin Circuit Court action ordering the May 28, 2019 Midland Circuit Court order to be entered in the Gladwin Circuit Court action.

Robert and Karen Price, Endre Sefcsik, Carl and Collette Roll, and Anthony and Kelly Bax (collectively, the property owners) own property within the Four Lakes Special Assessment District. After the special assessment roll for the Four Lakes Special Assessment District was approved by both the Gladwin County Board of Commissioners and the Midland County Board of Commissioners on July 12, 2022, the Prices, the Rolls, the Baxes, and Sefcsik each filed challenges related to the special assessment roll in the Gladwin Circuit Court, the Midland Circuit Court, and the Michigan Tax Tribunal.

The Gladwin Circuit Court cases are the only matters presently before this Court. In the Gladwin Circuit Court, the counties moved for summary disposition of the property owners' claims under MCR 2.116(C)(6) based on the parallel actions pending in the Midland Circuit Court or, in the alternative, to transfer the Gladwin Circuit actions to the Midland Circuit Court. The Gladwin Circuit Court issued a written opinion and order, addressing simultaneously the counties' motions with respect to all four cases filed by the respective property owners.[3] The court treated the motions as motions to dismiss under MCR 7.110 and MCR 7.211(C)(2), and it denied the motions. The court determined that the counties' arguments were essentially focused on the issue of venue and that the counties had not provided any evidence that the Midland Circuit Court had been designated as the proper venue for purposes of MCL 324.30701(c). The Gladwin Circuit Court determined that it was a proper venue for the appeals and declined to transfer the matters to the Midland Circuit Court.

As previously noted, this Court granted leave to appeal. This Court also consolidated the appeals.[4]

## II. ANALYSIS

Here, the property owners filed their appeals related to the special assessment rolls in three different forums. The merits of those appeals are not before us at this juncture. Instead, this Court is only presented with a narrow issue concerning the appropriate forum in which the property owners may pursue their appeals concerning the special assessments at issue. Resolution of this issue presents questions of law that we review de novo. *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 145; 762 NW2d 192 (2009).

---

[3] In doing so, the circuit court recognized that the four cases had not been formally consolidated.

[4] *Price v Gladwin Co*, unpublished order of the Court of Appeals, entered May 25, 2023 (Docket Nos. 363327, 363328, 363329, 363330).

In the context of an inland lake level matter under Part 307 of the Natural Resources and Environmental Protection Act where a special assessment roll has been approved to defray the cost of establishing and maintaining a normal lake level, the "special assessment roll with the assessments listed shall be final and conclusive unless appealed in a court within 15 days after county board approval." MCL 324.30714(4). For purposes of this statute, "court" means "a circuit court, *and if more than 1 judicial circuit is involved, the circuit court designated by the county board or otherwise authorized by law to preside over an action*." MCL 324.30701(c).

The Gladwin Circuit Court determined that there was no evidence that the counties designated the Midland Circuit Court to preside over appeals of the special assessment roll, and the Gladwin Circuit Court declined to dismiss the Gladwin Circuit appeal or transfer the matter to the Midland Circuit Court. However, the Gladwin Circuit Court's approach failed to recognize that it effectively authorized the property owners to pursue their appeals of the special assessments in multiple forums simultaneously. It is axiomatic that a litigant cannot pursue a claim against a party in multiple forums simultaneously, thereby potentially subjecting a party to conflicting judgments. See, e.g., *Fast Air, Inc v Knight*, 235 Mich App 541, 546; 599 NW2d 489 (1999) ("The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in *pending* litigation.") (quotation marks and citation omitted); *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323-324; 900 NW2d 680 (2017) ("It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.") (quotation marks and citation omitted).

The issue at this juncture is simply a matter of venue, which merely concerns determining "a fair and convenient location where the merits of a dispute can be adjudicated." *Gross v Gen Motors Corp*, 448 Mich 147, 156; 528 NW2d 707 (1995). Prolonged disputes focused solely on venue are disfavored. *Id*. It is the property owners' burden to demonstrate that their choice of venue is proper. *Id*. at 155. We vacate the Gladwin Circuit Court's order and remand this matter for further proceedings not inconsistent with this opinion.

Vacated and remanded. We do not retain jurisdiction. No costs are awarded to either party, a public question being involved. MCR 7.216(A)(7) and MCR 7.219(A). *City of Bay City v Bay County Treasurer*, 292 Mich App 156, 172; 807 NW2d 892 (2011).

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick