*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRAIG WILLIAMSON,

        Plaintiff-Appellant/Cross-Appellee,

v

CITY OF RIVERVIEW,

        Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
April 24, 2025
9:46 AM

No. 368047
Wayne Circuit Court
LC No. 19-015556-CD

Before: MALDONADO, P.J., and CAMERON and YOUNG, JJ.

PER CURIAM.

Plaintiff, Craig Williamson, was a firefighter for defendant, the city of Riverview. After several decades working for defendant, plaintiff observed what he believed to be timecard fraud among some of his colleagues. Plaintiff raised these concerns with his superiors and alleged, through a series of three complaints filed in the circuit court, that defendant's response to plaintiff's timecard fraud allegations amounts to violations of the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*. In the present case, plaintiff appeals as of right the trial court's order granting defendant's[1] motion for summary disposition as to the latter two complaints pursuant to MCR 2.116(C)(7) (statute of limitations). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff suspected that another firefighter was inflating the hours worked on his timecard, and reported these suspicions to the fire department's chief and deputy chief. According to plaintiff, this resulted in a number of retaliatory actions against him. On May 30, 2018, plaintiff filed his first complaint in the Wayne Circuit Court, alleging the retaliatory actions taken against

---

[1] Plaintiff's original complaint named both the city of Riverview and the Riverview Fire Department as defendants. However, the trial court held that the latter was not an entity subject to being sued, and plaintiff does not challenge that ruling on appeal. Accordingly, we will refer to a singular defendant throughout this opinion.

him for minor missteps violated the WPA. In October 2018, the fire department charged plaintiff with violations of staffing policies; after a hearing, the fire department suspended plaintiff for 90 days and demoted him to lieutenant. On November 26, 2018, plaintiff filed a supplemental complaint, alleging additional violations of the WPA related to the staffing issue.

On August 28, 2019, defendant filed a motion for summary disposition under MCR 2.116(C)(7) (statute of limitations), (C)(8) (failure to state a valid claim), and (C)(10) (no genuine issue of material fact). On December 2, 2019, the trial court entered an order granting the motion. Plaintiff appealed to this Court, which affirmed on the grounds that plaintiff had failed to offer sufficient evidence of a causal relationship between protected conduct and any adverse employment action, or to establish that defendant's actions were a pretext for unlawful discrimination. *Williamson v Riverview Fire Dep't*, unpublished per curiam opinion of the Court of Appeals, issued May 13, 2021 (Docket No. 352771), p 6, 10. Plaintiff then appealed to our Supreme Court, which denied leave. *Williamson v Riverview Fire Dep't*, 508 Mich 968; 965 NW2d 529 (2021).

On November 19, 2019, after oral argument on the motion for summary disposition but before entry of the final order in the 2018 case, plaintiff filed his complaint in this case. The first 98 paragraphs of this complaint restated the facts that formed the basis of 2018 case, after which plaintiff alleged that since he "filed this lawsuit" he had been suspended, demoted, and "written up extensively for exceedingly minor offenses." He alleged that defendant had taken adverse actions related to the 2018 case, such as scheduling a disciplinary hearing for the date of oral argument on the motion for summary disposition in the 2018 case, and reporting two recordings he produced in discovery to the State Police for investigation.

Plaintiff also alleged that he had suffered further disciplinary actions since the dismissal of the 2018 case and continued to suffer damages in the form of reduced wages. Plaintiff asserted that defendant discriminated against him by suspending or terminating him and that a causal connection existed between his protected activity and the discrimination he endured. Plaintiff contended that any reason defendant proffered for this discrimination was pretextual. Plaintiff sought actual damages, exemplary damages, interest, costs, and attorney fees, as well as declaratory relief ordering defendant to conduct a public audit of plaintiff's allegations for the previous five years.

In lieu of answering the complaint, defendant filed a motion for summary disposition under MCR 2.116(C)(7) (prior judgment) and (C)(8), asserting that plaintiff's complaint raised allegations identical with those already decided in the 2018 case, and therefore that the new action was barred by the doctrines of res judicata and collateral estoppel, and that the complaint failed to state a claim under the WPA.

The following day, plaintiff filed a motion to amend his complaint "to add additional work consequences to which plaintiff has been subjected since the filing of his action." In his supporting brief, plaintiff asserted that defendant had retaliated against him by suspending him shortly after he filed the complaint in this case, and that defendant would suffer no prejudice if the court allowed the amendment. As Exhibit A, plaintiff submitted a proposed amended complaint, alleging additional facts and violations of the WPA. Plaintiff alleged that defendant forced him to work alone or with only one other firefighter, had discriminated against him by suspending him on

December 23, 2019, because he was asking co-workers to support him in this lawsuit, and had treated him "like a pariah in the workplace" since 2015 and continuing until his recent suspension. Plaintiff alleged that his "work environment has become hostile, intolerable and unsafe for Plaintiff as a result of Defendant's retaliation."

Defendant responded that the amendment would be futile because it merely restated the allegations made in the 2018 case, except those relating to plaintiff's alleged suspension in December 2019. Defendant also argued that the amended complaint failed to state a viable claim under the WPA. On May 4, 2020, the trial court denied defendant's motion for summary disposition without prejudice, and granted plaintiff's motion to amend the complaint. Plaintiff filed an amended complaint and Defendant answered, denying the allegations as untrue, and asserting that the allegations in both counts were subject to the court's decision in the 2018 case. Among its affirmative defenses, defendant argued plaintiff's claims were barred by res judicata, collateral estoppel, and the applicable statute of limitations.

Defendant again filed a motion for summary disposition, asserting that plaintiff's claims, other than those relating to the alleged December 2019 suspension and plaintiff's current work environment, were barred under MCR 2.116(C)(6).[2] Defendant asserted that plaintiff's other claims were barred by res judicata, collateral estoppel, and the statute of limitations, and requested dismissal with prejudice of all claims that were, or could have been, raised in the 2018 case. In September 2020, the trial court entered an order staying proceedings in this case pending resolution of plaintiff's appeal of the 2018 case.

On October 15, 2021, while proceedings in this case were stayed, plaintiff filed a third action under the WPA against defendant (the 2021 case). In March 2022, after this Court affirmed the trial court's decision in the 2018 case and our Supreme Court denied his application for leave to appeal, plaintiff filed a motion to lift the stay in this case. The trial court lifted the stay, and consolidated the 2019 and 2021 cases.

On May 5, 2022, plaintiff filed another amended complaint in this case. He alleged that defendant continued to retaliate against him after his suspension, stopped paying even his reduced salary in late July 2021, subsequently informed plaintiff that he would not receive any salary until he agreed to testify at a deposition in the 2019 case, and attempted to deny him a signing bonus. In a single count alleging multiple violations of the WPA, plaintiff alleged that he had engaged in protected conduct by reporting payroll fraud, threatening to report this fraud to the proper authorities, insisting that the fraud be investigated further, filing multiple lawsuits against the city and the fire department, and producing, or attempting to obtain, evidence in furtherance of his lawsuit. As specific examples of adverse actions, plaintiff alleged that defendant repeatedly suspended him, reduced or withheld salary, and constantly investigated and harassed him, and that his work environment was "hostile, intolerable and unsafe for Plaintiff as a result of Defendant's actions."

---

[2] MCR 2.116(C)(6) provides for summary disposition where "[a]nother action has been initiated between the same parties involving the same claim."

Defendant filed a third motion for summary disposition under MCR 2.203, MCR 2.116(C)(6), (C)(7), and (C)(8). Defendant argued that plaintiff's consolidated complaint sought the same relief and required examination of the same evidence as the complaint in the 2018 case, and violated the compulsory joinder requirement of MCR 2.203(A).

Plaintiff responded that the trial court in the 2018 case ruled on only the adverse earlier employment actions, not those that followed the filing of the 2018 complaint, and reiterated that he was not attempting to recover for those matters now mentioned only for background. Plaintiff asserted that "all actions that are pled to make up the claim of hostile workplace environment do not have to be pled within the statute of limitations so long as one is."

Defendant replied and again emphasized the repetitive nature of plaintiff's claims but the trial court agreed with plaintiff that his claims were not barred as a consequence of other litigation. However, the trial court did grant defendant summary disposition because the 90-day limitations period precluded plaintiff's claims:

> none of the claims for adverse action as was raised in the complaint that was filed 90 days after they claimed adverse action, except maybe the July, 2021 suspension of pay raised in the October 22, '21 case complaint and the '21 action, however, all plaintiff states for the time of the adverse action is late July, 2021, which is non specific [*sic*] to meet the WPA strict 90 day statute of limitation.

The court further explained that plaintiff's failure to specify a date for the July 2021 reduction in pay meant that "plaintiff failed to state a claim upon which relief can be granted and," and therefore that "summary disposition is granted as to . . . statute of limitation and denied as to the res judicata and collateral estoppel."

Plaintiff filed a timely motion for reconsideration. The trial court denied the motion. This appeal followed.

## II. STANDARDS OF REVIEW

Whether a claim is barred by a statute of limitations is a question of law subject to review de novo. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). A party seeking dismissal of a claim on the basis that it is barred by a statute of limitations may request summary disposition under MCR 2.116(C)(7). A trial court's decision on a motion for summary disposition is also reviewed de novo, as are issues of statutory interpretation. *Frank*, 504 Mich at 140-141.

In reviewing a trial court's decision under MCR 2.116(C)(7), this Court accepts the complaint as factually accurate unless affidavits or other documentary evidence contradict it. *Frank*, 500 Mich at 140. In deciding such a motion, this Court should "construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015).

Issues involving the proper interpretation and application of statutes and court rules are also reviewed de novo. *McGregor v Jones*, 346 Mich App 97, 100; 11 NW3d 597 (2023). Likewise, the application of legal doctrines, such as res judicata and collateral estoppel, is subject

to review de novo. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 346 Mich App 197, 202; 12 NW3d 20 (2023).

## III.  ANALYSIS

The WPA prohibits an employer from discharging, threatening, or otherwise discriminating against an employee "regarding the employee's compensation, terms, conditions, location, or privileges of employment" because the employee reported, or was about to report, a violation or suspected violation of law to a public body, "verbally or in writing."  MCL 15.362. To establish a prima facie case under the WPA, a plaintiff must show that he or she was engaged in protected activity as defined by the act, that he or she was discharged or otherwise discriminated against, and that a causal connection existed between the protected activity and the adverse employment action. *West v Gen Motors Corp*, 469 Mich 177, 183-184; 665 NW2d 468 (2003).  If the plaintiff establishes a prima facie case, there is a presumption of retaliation, which the employer may rebut by offering a legitimate reason for its action.  However, a plaintiff may still avoid summary disposition by showing that a reasonable finder of fact could conclude that the reason the defendant offered is a pretext for unlawful animus. *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 17-18; 891 NW2d 528 (2016).  "The WPA is a remedial statute and must be liberally construed to favor the persons that the Legislature intended to benefit." *Anzaldua v Neogen Corp*, 292 Mich App 626, 631; 808 NW2d 804 (2011).

Under MCL 15.363(1), a person alleging a violation the WPA "may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act."  "It is the employer's action to implement the decision [to discriminate] that triggers the running of the limitations period; not the decision itself." *Millar v Constr Code Auth*, 501 Mich 233, 240-241; 912 NW2d 521 (2018).

## A.  STATUTE OF LIMITATIONS

Plaintiff argues AO 2020-3 applied to amended complaints as well as complaints initiating causes of action, and that operation of that administrative order tolled the running of the 90-day period of limitations.  Defendant retorts that plaintiff forfeited this argument because he first raised it in his motion for reconsideration in the trial court, citing *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).  We conclude, for three reasons, that plaintiff acted in a timely fashion.

First, plaintiff's original complaint, filed on November 19, 2019, alleged employment actions that occurred within 90 days before the complaint was filed.  Plaintiff alleged that on October 30, 2019, he was written up by the chief for failing to clock out under a new timekeeping system.  He alleged three additional write-ups, for petty offenses, after October 30, 2019.  He further alleged that the fire chief scheduled a disciplinary hearing for plaintiff for the same day plaintiff was expected in court for the hearing on the motion for summary disposition in the 2018 case.  These actions all occurred within 20 days of the date the complaint was filed.  Plaintiff repeated these allegations in the amended consolidated complaint, filed on May 5, 2022.  The latter included the new allegation that, "on or about March 10, 2022, Defendant attempted to deny Plaintiff a signing bonus, another act of retaliation for his involvement in litigation against the fire

Department."[3]  Whether these actions were sufficiently adverse to support a finding of liability under the WPA was not argued or decided below, but by specifying these actions, plaintiff clearly alleged instances of discrimination regarding plaintiff's compensation, terms, conditions, or privileges of employment that occurred within the period of limitations.  Accordingly, to the extent that the trial court ruled that these alleged adverse actions did not occur within the period of limitations, the trial court erred.

While the trial court did not address joinder in its decision, we do so briefly here as defendant raises it in this Court in briefing and again at oral argument.  Specifically, defendant argues that joinder was compulsory—as in rather than filing a separate complaint, plaintiff should have amended the original—because the aforementioned actions took place before defendant's summary disposition motion was decided in the 2018 case.  We disagree that joinder was compulsory for these claims.  Compulsory joinder under MCR 2.203(A) requires plaintiff name only those claims in existence "at the time of serving the pleading."  The October 2019 disciplinary actions were not in existence at the time of the 2018 complaint.  As a result, compulsory joinder was not required and plaintiff was permitted, as he did here, to file a separate complaint in order to preserve these claims within the statute of limitations.

Second, on March 13, 2020, plaintiff filed a motion to amend his complaint to include allegations that he was placed on suspension on December 23, 2019, and had lost wages as a result. The motion and proposed amended complaint were filed 81 days after the alleged suspension began, within the 90-day period of limitations.  However, the motion was not decided until after the 90-day period had expired.  The trial court granted plaintiff's motion to amend the complaint, but required that the amended complaint be filed by May 18, 2020.  Plaintiff filed an "amended" complaint on May 19, 2020, one day after that deadline, which was identical with the original complaint, but not with the complaint attached to the motion.  The "corrected amended complaint," including allegations related to the December 23 suspension, was filed on May 29, 2020. Generally, these claims would be precluded by the statute of limitations, however, we address the application of AO 2020-3 here.[4]

The Supreme Court entered AO 2020-3 on March 20, 2020.  The order provided in part as follows:

> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the

---

[3] Plaintiff eventually received the bonus, after filing a grievance.

[4] This Court "may review an unpreserved issue if it is an issue of law for which all the relevant facts are available."  *Vushaj*, 284 Mich App at 519.

Governor related to COVID-19 is not included for purposes of MCR 1.108(1). [AO 2020-3, 500 Mich at cxxvii.]

The Supreme Court followed with Administrative Order No. 2020-18; 505 Mich clviii, entered on June 12, 2020, stating, "Effective Saturday, June 20, 2020, [AO 2020-3] is rescinded, and the computation of time for those filings shall resume." AO 2020-18, 550 Mich at clviii. The effect of these orders was to exclude the period between March 10, 2020, and June 20, 2020, from the calculation of filing deadlines. *Compagner v Burch*, 347 Mich App 190, 207-208; 14 NW3d 794 (2023).[5]

We acknowledge that the plain language of AO 2020-3 does not mention amended complaints. However, the Supreme Court "intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19." AO 2020-3, 500 Mich at cxxvii. Pursuant to MCR 2.118(A)(4), this amended complaint superseded the previous complaint, which superseded the complaint that preceded it, thus becoming the case-initiation document. AO 2020-3 applied to amended complaints.

In his corrected amended complaint, plaintiff alleged that he was suspended "on or around December 23, 2019." Under MCL 15.363, plaintiff had 90 days to file an action under the WPA arising from his alleged suspension on December 23, 2019. However, under AO 2020-3, the period between March 10, 2020 and June 20, 2020, was excluded from the calculation. March 10, 2020, fell 78 days after December 23, 2019. Under AO 2020-3, plaintiff then had 12 days remaining after June 20, 2020 in which to file a complaint regarding the alleged December 2019 suspension. Thus, plaintiff's May 29, 2020 corrected amended complaint was timely under AO 2020-3.

Plaintiff could have filed a timely complaint initiating a separate action related to his alleged suspension on December 23, 2019 at any time before July 2, 2020. Instead, he chose to file an amended complaint which was accepted on May 29, 2020, and he should not be penalized for choosing amendment of an existing complaint over initiation of a new action. Extending AO 2020-3 to plaintiff's claim related to the alleged suspension on December 23, 2019, complies with the intention of our Supreme Court and comports with the principle favoring interpretation of the WPA in favor of the persons it is intended to benefit.

The third reason plaintiff acted in a timely fashion is that plaintiff's claim regarding the cessation of his pay in late July 2021 was timely. At the hearing, plaintiff's counsel explained, "we didn't know the exact date was because of the—I'd have to actually get the documents to be able to see when they stopped paying him." Defendant did not offer to share any such information. As the trial court acknowledged, that claim was first pleaded in plaintiff's complaint in the 2021 case, which was filed on October 25, 2021. Any claim accruing on July 25 or later would therefore

---

[5] In *Carter v DTN Mgt Co*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 165425); slip op at 25, the Supreme Court upheld the constitutionality of both orders.

fall within the 90-day period of limitations.[6]  Plaintiff pleaded that the adverse action occurred "in late July 2021."  Neither the trial court nor defendant cited any authority requiring that a specific date be pleaded.  Construing this allegation in the light most favorable to plaintiff, see *McLain*, 309 Mich App at 340, we conclude that plaintiff's approximation well enough pleaded in avoidance of the statute of limitations.

Because plaintiff's amended consolidated complaint pleaded adverse actions that occurred within the 90-day period of limitations, MCL 15.363(1), or amended the complaint in a timely fashion under AO 2020-3, we conclude that the trial court erred by dismissing plaintiff's claims as untimely.

## B.  PRECLUSION

On cross-appeal, defendant asserts that the trial court erred by denying its motion for summary disposition on the basis of MCR 2.226(C)(6), MCR 2.203, res judicata and collateral estoppel.  We disagree.

Under MCR 2.116(C)(6), a court may grant summary disposition when "another action has been initiated between the same parties involving the same claim."  In this case, plaintiff alleged that he suffered adverse actions defendant imposed in response to the multiple lawsuits he filed against defendant, including the 2018 case.  This case therefore does not involve the same claim as the 2018 case.  Moreover, "MCR 2.116(C)(6) does not operate where another suit between the same parties involving the same claims is no longer pending at the time the motion is decided." *Fast Air, Inc v Knight*, 235 Mich App 541, 545; 599 NW2d 489 (1999).  In the 2018 case, the trial court granted summary disposition on December 2, 2019, and the case was concluded when our Supreme Court denied plaintiff's application for leave to appeal on November 2, 2021.  See *Williamson*, 508 Mich at 968.  The motion for summary disposition of which defendant makes issue was argued on July 12, 2023, and the order deciding the motion was entered on July 28, 2023, more than 20 months later.  Accordingly, the trial court correctly concluded that summary disposition under MCR 2.116(C)(6) was not warranted.

MCR 2.203(A) provides that a party must "join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action . . . ."  Defendant asserts that this rule barred any claims that could have been, but were not, raised before the dismissal of the 2018 case.  However, defendant acknowledges that plaintiff's claims related to his December 23, 2019 suspension, and the termination of his salary in late July 2021, were not thus barred.  Because the amended consolidated complaint included allegations of adverse actions that had not occurred, and therefore could not have been raised, before dismissal of the 2018 case, the trial court correctly concluded that operation of MCR 2.203(A) did not warrant summary disposition.

An action is precluded under res judicata when a prior action involving the same parties or their privies was decided on the merits, and the matter in the second action was, or could have

---

[6] The 90th day after July 25, 2021 fell on Saturday, July 23, thus extending the time for filing a complaint to Monday, October 25.  See MCR 1.108(1).

been, resolved in the first action. *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016). The first two elements are clearly established here: the 2018 case was decided on its merits and involved the same parties. However, the third element is not satisfied, because, in the amended consolidated complaint, plaintiff alleged that defendant retaliated against him for prosecuting the 2018 case by imposing adverse actions after the 2018 case was dismissed. The trial court therefore correctly ruled that "res judicata cannot extinguish claims that did not exist at the time and which, therefore, cannot possibly have been raised in the prior suit."

"Whereas res judicata involves preclusion of entire claims, collateral estoppel focuses on specific issues within an action." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 509 Mich 276, 282-283; 983 NW2d 401 (2022). Application of collateral estoppel requires that an essential question of fact was litigated and determined by a valid and final judgment, the parties had a full and fair opportunity to litigate the issue, and there was mutuality of estoppel. *Id.* at 283. In this case, the first element is not satisfied. Because plaintiff alleged different protected activity, and adverse actions in response, that occurred after dismissal of the 2018 case, there was no essential question of fact in this case that was litigated and determined in the earlier case. The trial correctly ruled that "[t]his new claimed protected activity and adverse action was not part of the MSD that was granted in the 2018 case. Wherefore, plaintiff's claims are not barred by collateral estoppel."

## IV. CONCLUSION

The trial court erred by dismissing plaintiff's claims as untimely. Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Thomas C. Cameron
/s/ Adrienne N. Young